Chief Justice Marshall
delivered the opinion of the Court.
The account of the steamer Nautilus against Richard P. Smith, set up in the bill of Dawson, and of which he claims one-fourth, seems to have been commenced while said Smith and Dawson were joint owners, the latter owning one-fourth of the boat. It appears, however, to have been continued, as an account current or open account, after. R, P, Smith sold his interest of three-fourths to Wm. H. Smith on the 29th of March, 1842. And on the 14th May, 1843, which was nearly one month after the last charge, and-nearly two months after the last credit, a balance seems to have been struck and the account signed by the Clerk of the boat. The account, as presented in the exhibit filed, seems afterterwards to have been continued by stating, first, the former balance of the 14th of May, brought from the ledger, at $718 28; and then follow two charges, under *113 date pf November 1843, amounting to $55, and on the other side are two credits, apparently of the same date, amounting to $92 92, by which the balance is reduced to $683 36, one-fourth of which is claimed by the complainant, who comes into chancery on the ground either that a great part of the account accrued while the defendant was joint owner of the boat, or that Wm. H. Smith being dead, the defendant is his administrator.
Accounts not between merchant (Si merchant, nor reía ting to the trade of merchandise.arenotwithin the exceptions in the statute of limitations.
The Courts of Kentucky will apply the limitation in cases of suitsonaccounis to all the items sold more than five years before suit.
The bill was filed on the 14th of June, 1848, and the defendant, besides denying that he owes any thing, relies upon the statute of limitations to bar the claim. The plea, however, seems to have been disregarded, and one-fourth of the final balance to have been decreed to the complainant. The only question presented, for the decision of this Court, is as to the application and effect of the statute of limitations.
This account, not being between merchants, nor relating to the trade of merchandise, is clearly not within the exception in favor of such accounts as made in the statute. And if the owners of the Nautilus were to be regarded as partners in reference to this claim, still, as the joint ownership between the complainant and defendant was absolutely terminated more than five or even six years before the suit was commenced, the effect of the statute could not, on that ground, be avoided, though there might have been no remedy but in equity. This was decided in Lansdale vs Brashear, (3 Monroe, 331—2,) and in Taylor's administrator vs Morrison's executor, &c., (7 Dana, 242.) Then the only ground of repelling the application of the statute, in this case, is the fact that a few small items of the account appear to have been entered within five years. Waiving the consideration that these items having been entered after a balance struck in the original account, and after a change in the ownership of the boat, ought to be regarded as forming a new account, and may have been, in part, so entered on the books, and assuming that the whole account constitutes, properly, but one open account, there seems to be no doubt that, according to the decisions of *114 the English Courts upon their statute of limitations,, the fact that one or more items are within the time of the limitation, would save the whole claim from the effect of the bar. But although our statute is substantially the same, this Court has uniformly repelled that construction by which the British Courts have made exceptions to the statute beyond either its letter or any fair interpretation of it; as in Bell vs Rowland, (Hardin, 301;) Head’s executor vs Manner’s administrator, (7 J. J. Mar., 261-2;) Fisher’s administrator vs Hess, (9 B. Monroe, 617-18;) Lansdale vs Brashear, above cited, and in many other cases. And in Lansdale vs Brashear-, the Court says in reference to the doctrine-“that if there be a few, or the last item of the account within the six years of their (the English) statute,, the whole account is excepted from the statute, and cannot be barred;” that “this forms a new exception to the statute not contained in its letter and wholly incompatible with former decisions of this Court.”'
In conformity with the opinion thus expressed, and; with the general current of decisions by this Court upon the statutes, we are decidedly of opinion that no part of' this, or any other similar account, can be exempted from the operation of the statute, except such part as actuually accrued within five years before the commencement of the suit, unless some fact be shown besides the-mere date of the last item tending to prove a recognition of the prior account, or claim, within five years. And, as in this case, the items which are within the five years, show an excess of credits above the debits, there can be no recovery to any extent, unless the fact that the defendant, who is charged to be the debtor, is also the administrator of Wm. H. Smith, who was-the joint-creditor with the complainant, should render, it proper to add six months to the time allowed in other cases.. But the demand not'being against the deceased party,., nor against the defendant, as his administrator, there seems to be no ground for applying to this case the rule which, allows six months to be added to the usual period of limitation, and especially a-s the defendant couln *115 not rely upon any privilege, belonging to his character of administrator, in bar of his claim. We may add that the credits in the account, after the defendant sold out his interest in the boat exceeded the debits charged ■after the same time.
Pirtle 4* Speed for plaintiff; Field for defendant.
Wherefore the decree is reversed, and the cause remanded with directions to dismiss the bill,