## PRIDGEN v. HILL AND OTHERS.

See this case as to the specification of objections to testimony.

The admission of improper evidence will not authorize a reversal of the judgment, where there was sufficient competent evidence to warrant the verdict, and especially where, as in this case, it manifestly appears that the jury have rendered the only verdict they could have legally rendered, had the evidence objected to been excluded.

Where the action was founded on an account and contained a charge for interest at eight per cent. per annum, which it was alleged was the interest agreed on by the parties, and a witness for the plaintiffs deposed that the defendant, when the account was presented to him, admitted its correctness with certain specified exceptions, which did not include the charge of interest, but said the rate charged at eight per cent. was what he had been in the habit of paying the plaintiffs, and was willing to pay and expected to pay, it was held that there was a sufficient averment of an agreement to pay interest, for which it was competent to contract without writing, and that the deposition of the witness afforded evidence of such a contract sufficient to support the averment, and consequently, to warrant the verdict.

See this case as to an account stated and the statute of limitations.

Where there is a mutual account current, (although not between merchant and merchant, their factors and servants,) running down to a period within two years before the commencement of the suit, the items which were due over two years at the commencement of the suit, are not barred by the statute of limitations.

Where a deposition is given in evidence, exhibits which are attached and referred to by the witness, are to be regarded as in evidence, although they be not read aloud to the jury in that connection, and the reading be not expressly waived by the opposite party.

It is not too late after the argument to the jury has been commenced, for the Court, in its discretion, to permit the introduction of other evidence.

Where an account stated on which the action was founded, consisted in part of charges for acceptances for the accommodation of the defendant, which the plaintiffs had taken up with their own funds, and the Court declined to instruct the jury that in order to entitle the plaintiffs to recover, they must have produced in evidence the draft or drafts, it was held there was no error.

Appeal from Harrison. Action by the appellees against the appellant, commenced October 31st, 1850, on an account stated. The account consisted of charges for acceptances, commissions for same, commissions for advancing to pay the acceptances, bagging and rope, sundries and interest at eight

per cent. per annum, and on the other side, of credits for cash, and proceeds of cotton consigned by the defendant to the plaintiffs. The plaintiffs were commission merchants residing in New Orleans. It did not appear by allegation or proof whether the defendant was a planter or a merchant, or either. The items of the account commenced February 8th, 1848, on the debtor side, and closed January 7th, 1849, on credit side. The defence was a general denial and the statute of limitations. The plaintffs proved that the account, a copy of which was attached to the petition, had been presented by their agent to the defendant within two years next before the suit, and was admitted by him to be correct except as to one item of $111, for accepting a draft which was not paid by plaintiffs; and that defendant remarked at the time that the charge for interest was correct, that it was what he had been paying the plaintiffs and expected to pay.

They also proved by the depositions of their book-keeper and general clerk, that the account was correct, and that the conventional interest of Louisiana was eight per cent. To this evidence the defendant objected, on the ground that it was not the best evidence of the facts, and that the interest of Louisiana could not be proved by parol, which objections were overruled and defendant excepted.

The answers of the witness, Estlin, to the 3rd and 4th interrogatories were as follows :

To interrogatory 3rd. The amount of indebtedness due to plaintiffs by the defendant is thirteen hundred and forty dollars and ninety-three cents, and which was due on the 31st day of July, 1849, and is still due ; the character of said indebtedness is described in my answer to the second interrogatory, and the items are fully described in the annexed account, as exhibit A.

To interrogatory 5th. The drafts mentioned and set down in said exhibit A, were accepted by the plaintiffs for the accommodation of the defendant. The usual charge amongst commission merchants in the city of New Orleans for accept-

ing bills of exchange is 2½ per cent., and a like amount is charged for making advances without produce or money in hand. I am not aware of any regulation or agreement existing between the parties.

Defendant objected to the reading of the answer to the third interrogatory, because the said answer did not furnish the best evidence of the matter thereby sought to be proved; and made same objection to the answer to the fifth.

There was an exception also by the defendant to the admission of the evidence to prove that the defendant acknowledged the correctness of the charge of interest, on the ground that it sought to prove by parol, the liability of the defendant to pay interest on an account.

The Judge, at the request of the plaintiffs, charged the jury as follows:

If the jury believe, from the evidence, that the account sued on is a stated account, it is not necessary for the plaintiff to prove any item of the account, but it is sufficient to prove the balance stated to be due.

If the jury find the account sued on to be a stated account, the statute of limitations only began to run from the time the account was so stated, and if two years had not elapsed beween the statement of the account and the commencement of the suit, it is not barred.

If the jury believe that the defendant acknowledged to the agent of the plaintiffs, that the account was correct, it is an account stated, and the jury cannot look behind the time at which it was stated, except to correct errors, and they must find for plaintiffs.

The objecting of defendant to one item of the account, is an admission of the correctness of the others, and no other proof is necessary to establish them than the admission of the defendant, and the account is still a stated account as to all the items except the item of one hundred and eleven dollars.

If the jury believe that the item of one hundred and eleven dollars was due for the acceptance of the draft of four thousand

four hundred and fifty-five dollars, due 10th February, 1849, and that item had not been due two years before the commencement of this suit, then the same is not barred.

The following charges were asked by the defendant and refused.

If any part of the account sued on is founded upon a draft or drafts alleged to have been drawn by defendant on plaintiffs and accepted by them, then the plaintiffs must have produced said draft or drafts in evidence before the jury, before they can recover in this case the amount of said drafts or interest or commissions on the same.

Where a plaintiff sues upon an account, and the defendant pleads the statute of limitations, if it appears from the account sued on, that any of the articles charged were of more than two years standing before the commencement of the suit, then the plaintiff cannot recover for such articles unless the plaintiff proved that the said indebtedness for such articles was not due until within two years before the commencement of the suit.

As far as the application of the statute of limitations is concerned in this case, it matters not whether the account is an account stated or not; the statute of limitations is applicable as well to the items of an account stated as to any other account.

Verdict and judgment for plaintiffs. Motion for new trial overruled. Defendant appealed.


*Henderson & Jones,* for appellant.

*P. Morrah,* for appellee.


WHEELER, J. The errors assigned, which it is material to notice, relate to the rulings of the Court upon the admissibility of evidence, in instructions to the jury, and in refusing a new trial.

It was objected to the deposition of the witness Estlin, in answer to the 3rd and 5th interrogatories, that his answers did not furnish the best evidence of the matter to which he testified.

The object of the deposition was to prove the correctness of an account consisting of various items, which do not appear to have been evidenced by writing, and which it was, of course, competent to prove by parol. Among the items were charges for acceptances of certain drafts. But if it was intended to object that these drafts were not produced, the objection should have been more specific. Upon an objection to the proof of such an account in general terms, that it was not the best evidence, without indicating what better evidence of any particular item was required, or to what item or items the objection was intended to apply, the Court was not required to search through the several items to see if the objection was well taken to any one of them. When it was apparent that the evidence was competent to prove the account generally, if there were particular items of which a higher grade of evidence might have been required, it was but reasonable that the defendant should have pointed out the items by his objection.

But if the Court improperly admitted the answers of the witness in evidence, there was other competent evidence amply sufficient to establish the defendant's indebtedness. The jury must have found for the plaintiff upon the other evidence in the case ; and had they found otherwise, their verdict should, on motion, have been set aside as manifestly against evidence. The admission of improper evidence will not authorize a reversal of the judgment, where there was sufficient competent evidence to warrant the verdict, (Davis v. Loftin, 6 Tex. 489 ; Herndon v. Casiano, 7 Id. 322,) and especially where, as in this case, it manifestly appears that the jury have rendered the only verdict they could have legally rendered had the evidence objected to been excluded.

It was further objected to the answer of the witness to the

7th interrogatory, and to the answers of the witness McKinney to the 3rd and 4th interrogatories, that it was not competent to prove by parol the matters to which they deposed, respecting the liability of the defendant to pay interest. And it is insisted that the verdict finding interest was unauthorized.

It is alleged in the petition that the interest claimed, that is, interest at eight per cent., was the interest " agreed on " between the parties. And in his answer to the 3rd interrogatory, the witness McKinney deposed that the defendant, when the account was presented to him, admitted its correctness with certain specified exceptions, which do not include the charge of interest;. and in his answer to the 4th interrogatory, the witness deposed that the defendant said that " the " rate charged at eight per cent. was what he had been in the " habit of paying the plaintiffs and was willing to pay and " expected to pay."

The averment in the petition was, we think, a sufficient averment of an agreement to pay interest; for which it certainly was competent to contract without writing. And we think it cannot be doubted that the deposition of the witness afforded evidence of such a contract sufficient to support the averment, and, consequently, to warrant the verdict.

Whether the contract was made in Louisiana or this State, it was competent for the parties to contract for the payment of interest and eight per cent. (Andrews v. Hoxie, 5 Tex. 171.) And the rulings of the Court, therefore, admitting evidence of the law of interest of Louisiana and the custom of New Orleans, are immaterial. The verdict allowing interest was warranted by the allegation and the proof, and there was therefore no error in refusing a new trial for the cause assigned.

It is unnecessary to revise the rulings of the Court in instructions upon the statute of limitations. The evidence established an account current between the parties, consisting of debits and credits, all of recent date, and running down to a period shortly before the commencement of the suit. The

statute therefore could not possibly have availed the defendant under any rulings or instructions legally and properly applicable to the case ; for the reason that the account manifestly was not barred at the time of bringing the suit. (Hall v. Hodge, 2 Tex. R. 323.)

It is only necessary to add that the Court did not err in instructing the jury that they might look to the accounts attached to and identified by the depositions of the witnesses. The reading over of the items of the accounts at the bar in the hearing of the jury, could have been of very little service in order to their due understanding and computation. This required examination by the jury in their retirement. And though counsel may have omitted to read them, they were not the less properly in evidence by the reading of the depositions, to which they were attached and of which they formed a part. It was not even necessary that they should have been exhibited to the view of the jury in the box. When the objection was raised in argument, (as it is probable the attention of the Court and counsel for the plaintiff was then first called to the fact that they had not been read,) the Court, in its discretion, if that had been necessary, might then have caused them to be read by counsel in the hearing of the jury. But so useless a consumption of time might be very properly dispensed with. We see no error in the judgment, and it is affirmed.

Judgment affirmed.