## B. F. LOWE v. JOSHUA DOWBARN.

When there are mutual accounts (not between merchant and merchant, their factors and servants,) of which some of the items have been due more than two years before the commencement of the suit, such items are barred by limitation, notwithstanding there may be other items in the accounts not within the bar of the statute.

The cases of Pridgen v. Hill (12th Tex. R., 374,) and Pridgen v. McLean, (12th Tex. R., 420,) overruled on this point.

See this case for a review of some of the English and American cases, and for a distinction taken on account of the difference between our statute of limitations and those upon which the cases referred to were adjudicated.

When it appeared upon the face of the petition that all the plaintiff's demand was barred by limitation, except an amount below the jurisdiction of the District Court, it was not error, upon exceptions of the defendant, to dismiss the cause at the cost of the plaintiff.

APPEAL from DeWitt. Tried below before the Hon. Fielding Jones.

Lowe, the appellant, instituted this suit against the appellee, Dowbarn, on the 24th day of August, 1858, upon an open account.

In his petition the plaintiff set forth sundry items of mutual dealings by the parties with each other, at various dates from February 15th, 1854, to the 15th day of March, 1857, upon which he showed a balance in his favor of $366 85, for which amount he prayed judgment. The only item of the plaintiff's account against the defendant which accrued within two years before the commencement of the suit, was for the sum of six dollars and thirty-five cents. In the account of the defendant against the plaintiff there were two items within two years before the suit was brought.

The defendant excepted, for the reason that all of the plaintiff's demand, as appeared upon the face of the petition, was barred by limitation, except one item, the amount of which was not sufficient to give the court jurisdiction.

The court sustained the exception taken by the defendant, and the plaintiff declining to amend, dismissed the suit at the cost of the plaintiff.

The plaintiff appealed.

*J. J. Holt*, for the appellant. The parties to this suit were not merchants; but the accounts being mutual and concurrent, and coming down to a period within two years before petition filed, it comes within the equity of the exception in favor of accounts between merchants, and the statute of limitations does not apply. The articles which were delivered within two years preceding the filing of the petition draw after them the articles beyond two years, so as to exempt them from the operation of the statute.

The items on either side are considered as balancing and extinguishing the items on the opposite side, and the plaintiff's account being the greater, he will be entitled to judgment for the excess over that of the defendant. (2 Tex. R., 323; 12 Tex. R., 374, 420; Angell on Lim., sec. 143 *et seq.*)

*Glass & Phillips*, for the appellee. Cited 11 Tex. R., 522, and 13 Tex. R., 19.

MOORE, J. The only question in this case is, whether if there be an item not within the bar of the statute of limitations in mutual accounts current, "other than such accounts as concern the trade of merchandize between merchant and merchant, their factors and servants," it shall be held to draw after it the preceding items of the accounts, and take them out of the bar of the statute. This question seems to have been decided directly in the affirmative in the cases of Pridgen v. Hill, 12 Tex., 374, and Pridgen v. McLean, Id., 420. In the former case the court say: "The evidence established an account current between the parties, consisting of debits and credits, all of recent date, and running down to a period shortly before the commencement of the suit. The statute, therefore, could not possibly have availed the defendant under any rulings or instructions legally and properly applied to the case, for the reason that the account manifestly was not barred at the time of bringing the suit." The only authority referred to by the court, to sustain the doctrine here advanced, is the case of Hall v. Hodge, 2 Tex., 323; but it will be seen upon examina-

tion that this case establishes altogether a different principle from that in support of which it is cited. The language of the court in Hall v. Hodge is: "It will be found, on looking into the evidence, that at the time of the accrual of the account of the plaintiff, on which he instituted his suit, the account the defendant offered as a set-off was not barred by the lapse of two years, the time prescribed by the 1st section of the statute of limitations for open accounts; and, although not an account between merchant and merchant, it may be considered between the parties as an account current; and in such cases it is universally considered that one account is to balance or extinguish the other as far as it goes." Whether the items on one side of the account shall be held as balancing or extinguishing those of the other, if the first is not barred when the subsequent one is created, will readily be perceived as presenting altogether a different question than that of holding that, if the last item of either side of the account has been created within two years preceding the commencement of the suit, no part of the account is barred.

It cannot be controverted that the doctrine in the cases of Pridgen v. Hill and Pridgen v. McLean is fully supported by all the English decisions preceding the act of 9 Geo. 4, c. 14, as well as those of the American courts in the States where the statute of James 1st has been re-enacted. We think, however, that an examination of the principle upon which these decisions have been almost universally placed, will at once demonstrate their inapplicability to cases arising under our statute of limitations. It is true that, in the case of Cranch v. Kirkman, Peake's Cas., 164, Lord Kenyon seems to suppose that mutual accounts current, though not between merchant and merchant, come within the spirit of the exception of the statute as to merchants' accounts; but this was not so much upon the ground that by reason of this exception the statute would not apply to them, as that the accounts were mutual. The reciprocal dealings between the parties keep them open, and the statute did not commence to run until they were terminated. The doctrine advanced by Lord Kenyon in this particular has not been sustained or followed by the English courts, and has been directly repudiated and denied on this side of

the Atlantic. (Cogswell v. Dolliver, 2 Mass., 247.) But the ground upon which suits have been subsequently sustained is that advanced in Catling v. Shoulding, 6 T. R., 189, the leading case upon the subject, which is that the items not barred by the statute are clearly an admission of an unsettled account, and equivalent to evidence of a new promise, which takes the other items out of the statute. So in Swearingen v. Harris, 1 Serg. & Watts, 356, it is said that mutual accounts, of however long standing, between parties who do not come within the description of merchants, are not barred by the statute, if there are any items that are not barred; because the doctrine goes upon the ground of an *implied promise*, and it is therefore immaterial whether the parties are merchants or not. (Union Bank v. Knapp, 3 Pick., 96; Ashley v. Hills, 6 Conn., 248; McClellan v. Croften, 6 Greenl., 308; Moore v. Munro, 4 Rand., 488; Trumbull v. Striker, 4 McC., 215; Hibler v. Johnson, 3 Harr., 266; McNaughton v. Norris, 1 Hay., 216; Mandeville v. Wilson, 5 Cranch, 15; Smith v. Ruecastle, 2 Halst., 357.)

But our statute, in this particular, is essentially different from that of James 1st, and under it the subsequent parol acknowledgment of the existence of the debt, and promise to pay it, as is well known, will not take the case out of the statute. Consequently, the doctrine upon which these cases have been decided, and that upon which alone such suits can be prosecuted, cannot, with us, be maintained. And it is also held in England, since the enactment of the statute of 9 Geo. 4, c 14, which requires either a part payment or an acknowledgment in writing signed by the party chargable to take the case out of the statute of limitations, that mutual and reciprocal, or cross accounts, as such, are of no avail, unless in writing and signed by the party charged, to save the statute. (Angell Limit., sec. 274.) And we are of the opinion that by no legitimate construction of our statute of limitations can a suit on a mutual account, a part of which has been due for more than two years before its commencement, be maintained to recover such part of the account.

It appearing from the plaintiff's petition that all of his account, except an item not of a sufficient amount to give the court juris-

GALVESTON, 1863. 511

diction of the case, was barred previous to the commencement of the suit, the court below did not err in sustaining the defendant's exceptions, and dismissing the petition. The judgment is therefore affirmed.

Judgment affirmed.