NANCY ROBINSON AND ANOTHER v. W. E. CRUMP.

1. C. was sued for land purchased by him at a sale made by the administrator of T. The plaintiffs claimed to be the widow and the legitimate child of T., and as such to be entitled to the land as their homestead. *Held*, that it was competent for the defendant to allege and prove that the plaintiffs were not the widow and the legitimate child of T., and that T. had left a lawful widow and legitimate children, to whom pertained the homestead right, if any such right attached to the land in controversy, — which, however, was denied by the defendant. (Citing Styles v. Gray, 10 Texas, 503.)

2. This court will not reverse for error in the charge of the court below, when it is apparent that the appellant had no rights subject to be prejudiced by the error of which he complains.

APPEAL from Austin. Tried below before a special judge selected by the parties.

The character of the case is indicated by the opinion.

The court below instructed the jury that it was not material whether there was or was not any lawful impediment to the marriage of Bryan Tison to the plaintiff Nancy, or whether or not her son and co-plaintiff was the legitimate child of Tison.

There was a general verdict for the defendant, and judgment was rendered in accordance with it.

*A. P. Thompson,* for the appellants.

*Hunt & Holland,* for the appellee.

WALKER, J.—A laborious examination of the record and briefs in this case has, we think, enabled us to decide the only necessary question in few words. Nancy Robinson was not the wife nor widow of Eson Tison, deceased, and she can claim no homestead right through him.

Nancy Seward and her children were the only per-

sons, if any, who could claim a homestead right to the land in controversy. We are not disposed to put a premium upon lewdness and crime, by cutting out the rights of a lawful wife and legitimate children, to bestow gratuities upon an adulteress, and her illegitimate offspring. (See Styles v. Gray, 10 Texas, 503.)

If the plaintiffs had had proper standing in court, or been entitled to homestead rights, we should then find ourselves compelled to reverse the judgment for error in the charge of the court. But these appellants have suffered no injury thereby, and we therefore affirm the judgment of the district court.

AFFIRMED.

Presiding Judge Evans did not sit in this case.