### HASSLER & KINKLER v. F. KAY.

(No. 143, Tex. L. J., vol. 1, p. 183.)

APPEAL from Austin County. Opinion by WHITE, J.

§ 665. *Mutual accounts other than between merchant and merchant; statute of limitation.* The cases of Pridgen v. McLean, 12 Tex. 420, and Pridgen v. Hill, 12 Tex. 374, cited by counsel for appellants as establishing the rule that mutual accounts, other than those between merchant and merchant, will not be barred by limitation if the last item on either side be within two years, have been overruled by the supreme court in Lowe v. Dowbarn, 26 Tex. 507, and the rule therein stated is that "by no legitimate construction of our statute of limitations [Pas. Dig. arts. 4604, 4605] can a suit on a mutual account, a part of which has been due for more than two years before its commencement, be maintained to recover such part of the account."

§ 666. *Statute of limitations not applicable to payments.* It seems that the statute of limitations has no application to payments [Beardsley v. Hall, 9 Tex. 119; Williams v. Bradbury, 9 Tex. 487; Ware v. Bennett,

18 Tex. 794], and has reference only to such items of charges in accounts as do not include what might legitimately be considered as payments.

§ 667. *Practice where judgment is correct, though there may have been erroneous rulings.* From a careful inspection of the record it clearly appears from the evidence that appellants were not entitled to recover a judgment, and, therefore, this court will not revise any erroneous rulings which may have been made. [Robinson v. Crump, 35 Tex. 426; Albright v. Corley, 40 Tex. 105; Carter v. Eams, 44 Tex. 544.]

January 19, 1878.                              Affirmed.