PATRICK DOHERTY v. CITY OF GALVESTON.

Decided December 8, 1898.

**1. Removal of Police Officer by City Council—Pleading.**

For pleading held not sufficient to show that a policeman's removal from office by the city council was illegal, see the opinion.

**2. Same—Proceedings Not Irregular, When.**

The Galveston city charter, in prescribing the manner of trial in proceedings for the removal of police officers, does not require that the council be sworn, nor that its action in the matter .shall have the subsequent assent of the mayor.

**3. Pleading—Conclusion.**

An allegation in a petition for recovery of a balance of salary as a policeman, that no proper, legal, or sufficient judgment of ouster of plaintiff from his position was entered, is a conclusion of the pleader.

**4. City Council—Judgment of Not Subject to Review.**

The jurisdiction of a city council in the matter of dismissing a policeman being exclusive and final, the courts can not, in a collateral proceeding, inquire into the regularity of a judgment of removal, or the competency or sufficiency of the evidence to support it.

**5. Jurisdiction—Amount in Controversy.**

Where a demurrer is sustained to a part of plaintiff's cause of action, thus reducing the amount below the jurisdiction of the court, a judgment dismissing the entire suit is proper.

APPEAL from Galveston. Tried below before Hon. W. H. STEWART.

*James B. & Chas. J. Stubbs,* for appellant.

*R. Waverly Smith,* City Attorney, for appellee.

GARRETT, CHIEF JUSTICE.—The appellant has sued the city of Galveston for an alleged balance of salary as policeman. He alleged in his petition that he was, on January 15, 1889, duly appointed as a member of the police force of the city and qualified as such at a salary of $75 per month, and was entitled under the charter to hold the office for two years from that time, unless removed by the city council for legal and sufficient cause; that on July 3, 1890, the chief of police, without warrant of law, attempted to suspend him from said office and preferred charges against him before the city council, which, on July 7, 1890, referred the same to its police committee, who, after due notice to the plaintiff and the city, heard the evidence on which said charges were based, and on August 4, 1890, reported to the city council that they had

investigated the charges against the plaintiff and recommended that he be dismissed from the force for conduct unbecoming an officer; which report, the plaintiff averred, "the council refused to adopt, which refusal was equivalent to a finding of not guilty, and was a final and conclusive decision, barring any further prosecution of plaintiff upon the same charges before said council. That notwithstanding such action, and against the protest of plaintiff, the said council on September 15, 1890, without a reconsideration of its former action in the premises, and without lawful authority, voted to sustain the said charges against plaintiff and remove him from office." A demurrer to the petition was sustained by the court below, and the plaintiff having declined to amend, his suit was dismissed.

Appellant having been duly nominated and confirmed as a police officer of the city on June 15, 1889, was entitled by the charter of the city to hold the office from that date until the second Monday after the next succeeding biennial election, unless sooner removed by the city council. Charter of Galveston, section 55 (Special Laws 1889, p. 93). He could be removed only after trial by the city council upon charges preferred against him, and after due notice and an opportunity to be heard in his defense. Charter, secs. 156 (Spec. Laws 1885, p. 6), 3, (Spec. Laws 1887, p. 9), and 149 to 154 (Spec. Laws 1876, p. 40). It will be noted that a new charter was granted the city in 1876, and according to section 155 of the charter as then passed, the city council had power, at any time, to remove any officer of the corporation elected by them, by resolution declaring want of confidence in such officer. Spec. Laws 1876, p. 40. Identically the same provision is in the present general incorporation law. Rev. Stats., art. 564. But the charter of the city has been amended since then, and the only causes for which the appellant could be removed at the time the charges were preferred against him were incompetency, corruption, malconduct, malfeasance, or nonfeasance in office. Charter, sec. 156 (Spec. Laws 1885, p. 6). Any action of the city council attempting to remove him for a cause not named in the charter would be void for want of authority. Johnson v. City Council of Galveston, 11 Texas Civ. App., 469.

Since the trial and removal of the appellant, however, the charter of Galveston has been changed, and, in addition to the causes above enumerated, a member of the police force may be removed for inefficiency and for the violation of any of the rules or regulations prescribed for the government of the police department, or for any other conduct unbecoming a member of the police force; and provision is made for his trial by a police commission, with exclusive jurisdiction, composed of the mayor and two aldermen. Charter, sec. 78a (Spec. Laws 1891, p. 70).

But as the charter was in 1890, if the appellant had been removed by the city council upon the charge alone of conduct unbecoming an officer, we would be constrained to hold that he was illegally removed, and that the judgment of the city council in removing him would be disregarded for want of authority, though otherwise it would be conclusive

and final. Johnson v. City Council, supra. The appellant, however, does not allege in his petition what the charges were that were preferred against him. The averment that the police committee to whom the charges were referred reported to the city council and recommended that appellant be dismissed from the force for conduct unbecoming an officer, is not an averment that he was charged with that offense. It is proper to say, however, that counsel for appellant has not claimed that he was tried upon a charge not authorized by the charter; but the invalidity of the action of the city council is based upon the allegations that at the meeting on August 4, 1890, the council refused to adopt the report of the committee, which was equivalent to a finding of not guilty, and that the action by which appellant was removed on September 15, 1890, was without lawful authority, because it was had without a reconsideration of its former action in the matter. The petition does not show that there was a trial on August 4, 1890. It only shows that the council refused to adopt the report recommending that the appellant be dismissed for conduct unbecoming an officer, an offense for which he could not be removed. It is perfectly consistent with the averments of the petition that the council postponed or passed the matter to a subsequent meeting to be tried in accordance with the charter by the council itself, and at the meeting heard evidence and sustained the charges and entered its judgment removing appellant from office for a cause for which it was authorized to remove him. The petition does not show that there was a trial and acquittal of the appellant at the meeting on August 4, 1890, nor can any such inference be drawn from it so as to make it good on general demurrer. It does not appear from the petition that the action of the city council in removing the appellant from office was without authority of law. As we are of the opinion that the petition does not show that there was a trial of the appellant on August 4, 1890, upon the charges preferred against him, but that the trial was had at the meeting of September 15, 1890, it becomes unnecessary to pass upon the questions presented in the brief of appellant as to the effect of the decision of the council on August 4th, supposing it to have been made upon the charges preferred, as res adjudicata or otherwise. It is urged also that the action of the council would be invalid for the reasons averred that no oath was administered to the council sitting as a court; that the mayor did not consent to the removal; that the charges were not sustained by evidence; that no judgment of ouster was rendered against the appellant. The charter, which makes specific provision for the manner of trial, does not require the council to be sworn. Secs. 149-154. The mayor is a member of the city council and presumedly sat on the trial, and the action of the council in rendering judgment did not require his subsequent assent. Charter, sec. 25. The allegation in the petition that no proper, legal, or sufficient judgment of ouster was entered is a conclusion of the pleader. It is not denied that some judgment was entered. The council had before it the work of the committee. Its jurisdiction was exclusive and final, and this court can not inquire into the regularity of the

judgment or the competency or sufficiency of the evidence to support it.

The appellant insists that at least he has shown a right to recover the salary for the time that he remained suspended from office, to wit, from July 3, 1890, to September 15, 1890.

At the time the appellant was suspended pending the trial, and the subsequent proceedings resulting in his removal, the charter gave no authority for his suspension pending an investigation of the charges against him. Since then, however, the charter has been amended and authorizes such suspension. Charter, sec. 78a (Spec. Laws 1891, p. 70). Mechem, in his work on Public Officers, at section 453 says: "Although there is a conflict in the authorities, the better opinion seems to be that the power to remove an officer does not include the power to suspend him temporarily from the office. A mere suspension would not create a vacancy, and the anomalous and unfortunate condition would exist of an office, an officer, but no vacancy, and of no one whose right and duty it was to execute the office." But it is not necessary for us to pass upon this question, because it appears upon the face of the petition that the appellant has no cause of action for any part of the salary after September 15, 1890, the date of his removal from office, and the amount of salary for the time of his suspension not being within the jurisdiction of the District Court, it was proper to sustain the demurrer to the entire cause of action and dismiss the suit. Haddock v. Taylor, 74 Texas, 216; Keller v. Huffman, 26 S. W. Rep., 263; Lowe v. Dowbarn, 26 Texas, 507.

There being no error in the judgment of the court below, it will be affirmed.

*Affirmed.*