PATRICK LOWREY *vs.* MAYOR AND ALDERMEN OF CENTRAL FALLS.

PROVIDENCE—NOVEMBER 29, 1901.

PRESENT : Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Police Officers.   Certiorari.   The Board of Aldermen of the City of Central Falls.*

A petition for a writ of *certiorari* to review the action of the board of aldermen of Central Falls set forth that the petitioner, a police officer of said city, was suspended by the mayor on charges preferred against him upon which he was tried by the board and dismissed from the police force. On motion for the writ, alleging various causes of error:—

*Held,* that in the absence of any provision of the charter or of the Public Laws requiring the mayor to preside at meetings of the board of aldermen, he was not required so to preside.

Section 4, clause 2, of the charter (Pub. Laws 1895, cap. 1421) provides that all removals of members of the paid police force shall be by the board of aldermen upon charges in writing, after notice and hearing :—

*Held,* that no provision of the section required the aldermen to be sworn before proceeding with the trial.

*Held,* further, that the section was not obnoxious to article XI, section 3, of the constitution of Rhode Island, "Of impeachments," since the article was not intended to cover officers elected by towns.

*Held,* further, that the section was not obnoxious to article I, section 10, of the constitution of Rhode Island, nor to article XIV of the amendments to the constitution of the United States, relating to due process of law, and no special oath in addition to the general oath taken by the board upon entering upon their offices was required for the validity of their action.

(2)  *Police Officers.  Charges.  Waiver.*

The re-instatement of a police officer upon the force by order of the court after decision in his favor in proceedings taken seeking such restoration is no waiver of the right to prefer charges against him by the city for misconduct prior to the re-instatement.

(3)  *Certiorari.*

*Certiorari* does not lie to review findings of fact where any competent evidence is introduced to support the charge ; and where the petition does not show the contrary, the court will presume that all things were duly performed.

CERTIORARI.    Heard, and petition dismissed.

(1)    STINESS, C. J.    The petition sets forth that on August 2nd, 1901, the petitioner, a police officer of the city of Central Falls in its paid department, was suspended by the mayor on charges preferred against him, upon which he was tried on August 12, 1901, by the board of aldermen.

The petition does not aver, in express terms, what the result of the trial was, but from the arguments and reference, in an amendment to the cause of error, to a section of the charter of the city "under which the petitioner was removed," we assume that the board dismissed him from the police force.

But, even with this assumption, the petitioner fails to state a case for *certiorari.*    The first cause of error alleged is that the mayor did not preside at the meeting of the board. No provision of law is referred to which requires the mayor so to preside.    The charter of the city requires the board to elect a president, who shall preside at all meetings of the

board, Pub. Laws 1895, cap. 1421, and we know of no change in this respect.

The second cause alleges that the aldermen were not sworn before proceeding with the trial. An additional cause sets out that the section "under which the petitioner was removed is unconstitutional as it does not require the board when sitting as a court to be sworn, and because it deprives the petitioner of his rights without due process of law."

Section 4, clause 2, of the charter provides that "the members of the paid police department of said city shall not be subject to removal from office at any time except for misconduct or incapacity of such a character as the board of aldermen may deem a disqualification for said office, and all such removals shall be by the board of aldermen, upon charges made in writing and of which the officer complained of shall have had notice and opportunity to be heard thereon."

As the section does not require the aldermen to be sworn, the second cause is no ground for issuing the writ, unless it was necessary for the aldermen to be sworn before they could properly act upon the charges.

The charter requires the mayor, aldermen, and common councilmen to be sworn when they enter upon their offices, and hence the question is whether a special oath is necessary when they perform duties of the kind involved in this petition.

In support of his claim of unconstitutionality the petitioner relies on *Tompert* v. *Lithgow*, 1 Bush. (Ky.), 176, in which charges were made against a mayor, and the court held that the board of aldermen, under the terms of the charter, could only become a court to try charges preferred against a city officer upon being duly sworn. An inspection of the charter of Louisville, Acts of Ky. 1850–51, p. 607, shows that the charter provided as follows :

"Executive and ministerial officers of the said city shall be removable from office by the board of aldermen sitting as a court duly sworn."

In view of this provision, the case has no application to the question before us.

The charter does not violate article XI of the constitution of this State, because section 3 provides that the governor and all other executive officers shall be liable to impeachment. Evidently this relates only to State officers; for, the sole power of impeachment being vested in the house of representatives, with a trial by the senate, it is quite improbable that it was intended to cover the cases of officers elected by towns. See *Opinion of Judges*, 167 Mass. 599.

The petitioner urges, however, that the action of the board of aldermen violated the provisions of our constitution relating to the law of the land, article 1, section 10, and the constitution of the United States, 14th amendment, relating to due process of law. In *State* v. *Beswick*, 13 R. I. 211, it was held that these two phrases mean the same thing.

In *Doherty* v. *Galveston* (Tex.), 48 S. W. Rep. 804, it was held that as the charter did not require the council to be sworn for the trial of a city officer it was not necessary. In *Nason* v. *Luddington*, 56 How. Pr. (N. Y.) 172, it was held that the failure of a referee to be sworn is not a jurisdictional defect, even though required by statute; and in *McGowan* v. *Newman*, 4 Abb. N. C. (N. Y.) 80, that the provision in the code for an oath for one class of referees did not require an oath for another class with reference to whom there was no such provision.

It is clear that the charter does not violate the constitution, and that necessity does not require a special oath for the validity of the action.

(2)   The third cause is that the charges referred to dates after February 4, 1901, at which time he was not re-elected a police constable by the city council. Upon his petition for a writ of *mandamus*, 23 R. I. 284, it was decided that he continued to be a member of the paid police department, and he was returned to duty accordingly. Hence he was a member of the force at the dates of the charges, and this cause shows no error.

The fourth cause sets out that because he was not charged

with the present offences at the previous hearing, the alleged offences were "waived and condoned."

No such charges could have been presented at the previous hearing, nor have been heard or passed upon by the court. The only question was whether he was then still a member of the force. This court had no jurisdiction to try him for any offences. His re-instatement after the decision had been announced was no waiver of the right to prefer charges. See *People* v. *Roosevelt*, 48 N. Y. Sup. 578. If the mayor thought the charges to be well founded, he would have no right to waive them. Public policy would forbid it.

(3)    The fifth cause alleges the introduction of hearsay evidence at the trial. The petitioner alleges "that there was not evidence on which any fact of misbehavior could be found against the petitioner."

This court has held in *Keenan* v. *Goodwin*, 17 R. I. 649, and *O'Brien* v. *Mayor*, 20 R. I. 49, that *certiorari* does not lie to review findings of fact where any competent evidence is introduced to support the charges.

This petition does not allege that nothing but hearsay testimony was adduced, but only a conclusion that there was no evidence upon which the fact of misbehavior could be found. The maxim " *Omnia rite esse acta præsumuntur* " applies as well to tribunals to which exclusive jurisdiction is committed as to ordinary courts. There is nothing to show the contrary in these charges.

The petition is therefore denied.

*Hugh J. Carroll*, for petitioner.

*Charles A. Wilson and John N. Butman,* for respondents.