JOSEPH SWIGLEY vs. WILLIAM P. DICKSON — Writ of Error from Red River County.

Where suit was brought in the district court on a note, the amount due upon which, exclusive of interest, has been reduced by payment to less than $100: *Held*, that the court had no jurisdiction over the case. [5 Tex. 141; 11 Tex. 269; 20 Tex. 61, 340; 25 Tex. 354.]

The want of jurisdiction in the court below, although not pleaded there, will be noticed in the revising court.

The material facts of this case will be found stated in the opinion of the court.

*Morrill*, for plaintiff in error.

*Morgan* and *Harris*, for defendant in error.

Mr. Justice LIPSCOMB delivered the opinion of the court.

[193] This suit was brought in the district court of Red River county by the defendant in error on a note in the following words, i. e.: "Texas, March 3, 1847. On or before the first day of August next we, or either of us, promise to pay John G. Patterson, or bearer, one hundred and fifty dollars, to be discharged in lumber at fifteen dollars per thousand, for value received of him, as witness our hands and seals." Subscribed by Richard Gilbert and Joseph Swigley, with a scroll, and the word seal written in it. A credit of thirty-five hundred feet of lumber is entered on the note, dated 30th March, 1846. The note was assigned to the plaintiff below for value received April 4, 1846. The petition in its body does not notice the credit, claims the face of the note, but the note is filed with the petition and copied in the record, from which the credit appears. The defendant denied, on oath, that he had executed the writing he had been sued on, or had authorized any one to execute it for him. The case was put to the jury on this plea, and a verdict was returned in favor of the plaintiff for ninety-seven dollars debt and six dollars and fifty cents interest, for which amount the judgment was rendered, with costs, against the defendant.

The plaintiff in error asks to reverse the judgment of the court below on two grounds. 1st. That it was error to render

the judgment for costs, when by law the judgment for the costs should have been against the plaintiff below. 2d. That the district court had no jurisdiction of the cause. In support of the first ground, a part of the 4th section of an act allowing discounts and setoffs, Acts of the 4th Congress of Texas, p. 63; the clause relied on is in the following words, i. e.: "But should the claim of the plaintiff be reduced to a sum not within the jurisdiction of the court, by *payment*, then judgment shall be given in favor of the plaintiff for the balance due, but the defendant shall recover the costs of the suit." It appears that the amount was reduced by payment under one hundred dollars, exclusive of interest. This being below the jurisdiction of the court, the judgment ought to [194] have been in favor of the defendant for costs. For this error we would reverse the judgment and have it correctly entered if the court had jurisdiction of the cause; and this brings us to the consideration of the second ground of error relied on by the plaintiff in error.

The jurisdiction of the district court is defined in the 4th article of the judicial department, sec. 10 of the constitution of the state. It is in the following words, i e.: The district court shall have original jurisdiction of all criminal cases, of all suits in behalf of the state, to recover penalties, forfeitures and escheats, and of all cases of divorce, and of all suits, complaints and pleas whatever, without regard to any distinction between law and equity, when the matter in controversy shall be valued at or amount to one hundred dollars, exclusive of interest. By an act of the first session of the legislature of the state, called an act to organize justices' courts and to define the powers and jurisdiction of the same, section 13, it is provided "that justices of the peace shall have jurisdiction over all suits and actions for the recovery of money on any account, bill, bond, promissory note, or other written instrument, or for specific articles, when the amount or value does not exceed one hundred dollars, exclusive of interest, costs and damages."

What is the amount in *controversy* in the suit before us? It will be seen that the plaintiff claimed one hundred and fifty

·dollars, the amount of the note sued on by its face. But it will be seen, also, that the note had been credited before its maturity, and before its assignment to the plaintiff below, with a credit amounting to fifty-two dollars and fifty cents, and this credit was indorsed on the note at the time the assignment was made, and must, therefore, have been known to the plaintiff at the time he instituted suit, and had there been no defense nor appearance, but a judgment by default, it would have been allowed; then there was no controversy, nor ·could there have been any, about its correctness, and the only controversy in suit was the amount of [195] the balance remaining unpaid after deducting the credit; this balance, exclusive of interest, is under one hundred dollars, an amount not within the jurisdiction of the court in which the suit was instituted. We do not intend to be understood as deciding that in all cases the jurisdiction of the court is to be tested by the amount of the judgment; in some cases it would be wrong ·to do so, undoubtedly. In cases where the law would not fix the amount of recovery, such as trespass, assault and battery, ·slander, libel and unliquidated or unstipulated damages, we would have no other criterion than the amount of damage ·claimed in the plaintiff's petition to determine whether it was within the jurisdiction of the court. But it will not do in cases of contract for money, express or implied, or for an article of specific valuation, when the law has fixed with precision the amount of recovery, to permit the plaintiff, by an arbitrary claim of a sum beyond what the law has fixed on his ·debt, to evade the restriction imposed on the jurisdiction of the court in which suit is brought. This distinction is sustained, not only by reason, but also by the supreme court of the United States, in case of Wilson v. Daniel, 3 Dall. 401;· 1 Cond. 186. In the case under consideration the law had ·determined with certainty the amount of the recovery; it could not have been for more than the balance due on the note after deducting the credit. And it has been seen that this was an amount too low to give jurisdiction to the district ·court. The only remaining inquiry is, can the court notice this want of jurisdiction when it had not been pleaded in the·

court below. We believe this point has been clearly and firmly settled by an entire uniformity of decision. The doctrine is, that not even consent can give jurisdiction when the court has not jurisdiction of the subject matter. It was so ruled in the case of Reed et al. v. Robb et al., in 1 Yerg. 66; and in Wyall et al. v. Judge et. al. 7 Porter, 39, Chief Justice Collier says, "that perhaps it may be thought that inasmuch as this objection was not expressly made in [196] the circuit court, it should not be regarded here. We understand the law to be otherwise. It was duty of the circuit court *mero motu* to have repudiated the appeal." And in conclusion he says: " The true doctrine is, that consent, neither express nor implied, can give jurisdiction." It is not deemed necessary to say anything more, but only to conclude that, because this case did not come within the jurisdiction of the district court, the judgment must be reversed, and the suit dismissed in the court below.