## WOOD COUNTY V. H. M. CATE.

### No. 2775.

1. **Suit for Penalty—Exacting Illegal Fees.**—Article 2421, title 42, of Revised Statutes, provides: "If any of the officers named in this title shall demand and receive any higher fees than are prescribed to them in this title, or any fees not allowed to them by this title, such officer shall be liable to the party aggrieved for fourfold the fees so unlawfully demanded and received by him, to be recovered in any court of competent jurisdiction." This penalty does not apply to article 3745, which provides compensation for services of county judges for disbursing county funds.

2. **Jurisdiction.**—The sum sought to be recovered, the penalty excepted, being less than $500, the District Court did not have jurisdiction. The case was properly dismissed.

APPEAL from Hunt. Tried below before Hon. Felix J. McCord.
See statement and opinion in preceding case for facts.

*White & Edwards,* for appellant.

*John M. Duncan, Horace Chilton* and *H. M. Cate,* for appellee.

ACKER, PRESIDING JUDGE.—Wood County sued H. M. Cate, ex-county judge, to recover two hundred and sixty-four dollars alleged to have been demanded and received by him on allowances made by the

Commissioners Court during the two years he held the office of county judge from November, 1884, to November, 1886, for disbursing the school fund of said county in excess of the compensation allowed by law for such service, "together with threefold that amount added thereto as a penalty, making a total of one thousand and fifty-six dollars."

The defendant answered by general demurrer, and special demurrer to that part of the petition which sought to recover the threefold penalty, and also special demurrer on the ground that the court did not have jurisdiction of the amount involved in the suit.

The demurrers were sustained and judgment entered dismissing the suit for want of jurisdiction, in which appellant insists that the court erred. The penalty was sought to be recovered under article 2421, title 42, of the Revised Statutes, which provides, "If any of the officers named in this title shall demand and receive any higher fees than are prescribed to them in this title, or any fees not allowed to them by this title, such officer shall be liable to the party aggrieved for fourfold the fees so unlawfully demanded and received by him, to be recovered in any court of competent jurisdiction."

Title 42 prescribes the fees that various State and county officers are authorized to demand and receive for certain specified services, the county judge being one of the officers named, but his compensation for disbursing the school fund is not prescribed in that title. The compensation for services rendered by the county judge for disbursing the school fund of his county is allowed and fixed by title 78, article 3745, of the Revised Statutes.

We think the defendant was not liable for the penalty sought to be recovered. To give article 3745 of the Statutes such enlarged application would violate established rules for the construction of statutes penal in their nature. Exclusive of the penalty it is clear that the court did not have jurisdiction of the amount sued for.

We are of opinion that there is no error in the judgment of the court below, and that it should be affirmed.

*Affirmed.*

Adopted November 26, 1889.