W. C. KOLLETTE ET AL. V. G. F. SEIBEL, DEFENDANT, AND
HALFF, NEWBOUER & BROS., INTERVENORS.

### No. 536.

**Priority of Attachment Liens.**—A. Seibel and plaintiff, the father and father-in-law of the defendant, who had the prior attachment liens upon the property of the defendant, having procured their attachments for amounts more than were due them by the defendant, and upon grounds which the evidence tended to prove were untrue, the trial court having found as one of his conclusions of fact that the grounds upon which they sued out their attachments were false, the trial court did not err in postponing the lien of their attachments to the lien of the intervenors' attachment, who had attacked the prior attachments for fraud.

APPEAL from Fayette. Tried below before Hon. H. TEICHMUELLER.

*Williams & Lane*, for appellants.—1. The court erred in his first finding of facts, wherein it is found, "that the plaintiff W. C. Kollette knew that the defendant G. F. Seibel was entitled to an offset against the amount due by the defendant to him at the time of making out the affidavit for attachment."

The plaintiff could not be defeated in his rights as an attaching creditor unless it be clearly shown, that at the time he made the affidavit for attachment he willfully and knowingly and deliberately alleged the amount of his debt to be greater than it really was, and that he did so for the purpose and with the intent to delay and hinder the creditors of G. F. Seibel. If he instructed the attorney at the time the affidavit was written out to allow a certain credit of $300, and the attorney, in the excitement and rush, through his own inadvertence omitted to give the credit and thereby caused the amount of the debt stated in the affidavit to be in excess of amount actually due, such an error on the part of the attorney will not be charged up to the plaintiff. The mistake being thus explained, it is freed from all moral turpitude, and will not work a forfeiture of plaintiff's rights. Evans v. Lawson, Smith & Co., 64 Texas, 199; Bateman v. Ramsey, 74 Texas, 589; Freiberg v. Freiberg, 74 Texas, 122.

2. It is a fact undenied in the record, that at the time this attachment was gotten G. F. Seibel was an absconding debtor, and had so secreted himself that the ordinary process of law could not be served upon him. This was a good ground for attachment (and this was the ground upon which the intervenors procured their attachment). Therefore, if legal grounds for attachment existed, the plaintiff Kollette, who obtained a prior attachment lien, will not be postponed to a junior attaching creditor, simply because of the error of judgment on the part of his attorney in selecting the ground for the issuance of the writ.

*Brown, Lane & Jackson,* for intervenors.—1. The first assignment should not be considered, because it questions the sufficiency of the evidence to support the court's findings of facts, when no exception was taken in the court below on that account.    Ins. Co. v. Milleken, 64 Texas, 48.

2.  When it can be shown by intervening creditors who have secured valid attachment liens that the grounds upon which prior writs of attachment were sued out did not really exist, and that the affidavits on which they were predicated were known to be false by the parties making them, the attachments should be set aside, because they are fraudulent in law.    Bateman v. Ramsey, 74 Texas, 588; Freiberg v. Freiberg, 19 S. W. Rep., 793.

PLEASANTS, ASSOCIATE JUSTICE.—This is an appeal from a judgment of the District Court of Fayette County, which postpones two prior liens upon the property of an insolvent debtor, acquired by attaching creditors, to the lien of a subsequent attaching creditor.    W. C. Kollette, on the 4th of October, 1892, brought suit against G. F. Seibel for the recovery of an alleged indebtedness of $1487.    Three hundred dollars of this amount was due upon a promissory note and the balance upon account, and at the time of the institution of the suit the plaintiff sued out an attachment, upon the ground that the defendant "was about to dispose of his property with the intent to defraud his creditors;" which attachment was levied upon a stock of goods, the property of defendant, and which, upon application of the plaintiff, was sold as perishable property, the sales amounting to $1720. When the plaintiff instituted this suit, and made affidavit for the attachment, he was in possession of the goods which were attached and sold, having been put in possession of the same on the previous day by the defendant, G. F. Seibel, for the purpose, as he was informed by note addressed to him by Seibel, and left by the latter with his clerk, to enable the plaintiff to raise, from sale of the goods, money sufficient to pay plaintiff his claim against defendant. The note, which was delivered to the plaintiff promptly on the day on which it was written, informed the plaintiff that he had forced the defendant to turn over his property to him, and to abandon his business and his family.    The defendant was the son-in-law of the plaintiff.    On May 27, 1893, Kollette amended his petition, setting up the same cause of action as the original petition, but omitted a credit of $300, paid in September, 1892; and also a credit of $171.08 due Seibel from tenants of plaintiff, and for which the said Kollette was liable, the credit having been given to the tenants upon the assurance of Kollette that he would be responsible for their debts.

On the 6th of October, 1892, August Seibel, the father of the defendant, G. F. Seibel, brought suit against him upon two notes, one for

$750 and one for $123.50, and at the same time he brought his suit he sued out an attachment, alleging, as the ground therefor, that his son was about to dispose of his property with intent to defraud his creditors.    On the 21st of June, 1893, August Seibel filed an amended petition, on which he allowed G. F. Seibel a credit of $136.04, same being store account due him from the plaintiff.    On the 13th of October, 1892, Halff, Newbouer & Bros. brought suit against G. F. Seibel upon open account for goods sold, aggregating the value of $775.25, and alleged that G. F. Seibel had gotten a part of said goods upon false and fraudulent representations; that W. C. Kollette was his partner in business; and further alleged, that G. F. Seibel had abandoned his place of business, and since that time had continuously secreted himself so that the ordinary process of law can not be served upon him. This petition was duly supported by affidavit, and a writ of attachment was issued and levied upon the goods which had been previously attached by the plaintiff, Kollette, and August Seibel.    On May 15, 1893, Halff, Newbouer & Bros., with the permission of the court, intervened in the suits of Kollette and August Seibel v. G. F. Seibel, and in their pleas of intervention averred that the demand of each of said plaintiffs was false and pretended, and that the plaintiff Kollette had fraudulently procured his attachment for $417.08 more than was due him, and had falsely sworn as ground for attachment that defendant G. F. Seibel was about to dispose of his property with intent to defraud his creditors, and that the plaintiff, August Seibel, had fraudulently procured his attachment for $250 more than was due him, and had falsely sworn as a ground for the attachment that the defendant was about to dispose of his property with the intent to defraud his creditors.    Previous to the trial of the two suits instituted by Kollette and August Seibel against the defendant, G. F. Seibel, and after the intervention in those suits by the plaintiffs, Halff, Newbouer & Bros., the suits were consolidated.    The cause was tried by the judge without a jury, and judgment rendered that the claims of appellants be postponed to that of appellees, and that the appellees be paid out of the money derived from the sale of the attached property, $797.48; and that the balance be paid respectively to appellants, Kollette and Seibel.    The conclusions of the court upon the facts were, that the grounds upon which the appellants sued out their attachments were false, and were known to be false by the said W. C. Kollette and the said August Seibel, when they made their affidavits, upon which the attachments issued.

To these conclusions of the trial judge upon the facts, no exceptions were taken by either appellant.    Such being the case, this court does not feel called on to determine whether the findings are sustained by the weight of the evidence or not.    There being evidence tending to support the findings, this court assumes that they are correct.    If, as

determined by the court, the ground upon which the appellants obtained their attachments were false, and known by them to be false at the time they made their affidavits, the court did not err in giving the lien acquired by the appellees upon the attached property of the defendant precedence to the liens of the appellants previously acquired upon that property, and in postponing the payment of appellants' judgments out of the moneys arising from the sale of the property, until after the satisfaction of appellees' judgment.    Bateman Bros. et al. v. Ramsey, 74 Texas, 589.    Not to have postponed the liens of the appellants to the junior lien acquired by the appellees, under the facts of this case as they are found to be by the trial court, would be to tolerate a gross abuse of legal process.

The judgment is affirmed.

*Affirmed.*

Delivered May 17, 1894.