MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS v.
CHARLES KOLBE.

No. 1045. Decided November 21, 1901.

1.—County Court—Jurisdiction—Amount in Controversy.

The sustaining a demurrer to specific items of damages claimed by plaintiff does not, where plaintiff excepts to the ruling, exclude such items from consideration in determining whether the suit is for an amount within the jurisdiction of the court. (P. 78.)

2.—Same—Demurrer—Amendment.

Though plaintiff had reserved exception to the sustaining of a demurrer to certain items of damages claimed, his subsequent amendment asserting other specific items which would make the amount claimed beyond the jurisdiction of the court, if the damages excluded on demurrer were considered still in controversy, should be taken as an abandonment of his claim for those excluded items. (P. 78.)

3.—Same—Case Stated.

Plaintiff in a suit in county court itemized the damages claimed, aggregating $950; demurrer being sustained to items amounting to $650, he excepted; subsequently he amended by interlining, with defendant's consent, claims for other damages to the amount of $110, making his total claim as shown by the several items $1060, if the damages cut out by demurrer were included, and $460 if they were not. On appeal, where the rulings on demurrer were not assigned as error, the amount in controversy did not appear to be beyond the jurisdiction of the county court. (Pp. 76-79.)

Question certified from the Court of Civil Appeals, First District, in an appeal from Harris County.

*Baker, Botts, Baker & Lovett,* for appellant.—The amount in controversy in a suit is the amount which the allegations in the petition show that the plaintiff has a good cause of action for, and is not necessarily the amount for which a judgment is prayed. Rose v. Riddle, 3 Willson, Civ. Cases, sec. 298; Smith v. Horton, 46 S. W. Rep., 627.

*O. T. Holt* and *L. B. Moody,* for appellee.—The court did not err in rendering judgment in favor of the plaintiff, because the amount sued for by the plaintiff was not in excess of $1000, and the court had jurisdiction to entertain the suit. Rev. Stats., art. 998; Bradford v. Knowles, 33 S. W. Rep., 149.

WILLIAMS, ASSOCIATE JUSTICE.—Certified questions from the Court of Civil Appeals for the First District, as follows:

"This suit was brought in the County Court of Harris County by Charles Kolbe to recover damages of the Missouri, Kansas & Texas Railway Company of Texas for injuries to land and the destruction of crops thereon. In his original petition, the plaintiff alleged that he was the owner of a tract of land, which was described, and 'that prior to the 12th day of April, 1898, the defendant had constructed its railway upon lands adjacent to plaintiff's said land, and the said defendant constructed said

railway negligently and unlawfully in this: That it failed to provide and maintain sufficient ditches and culverts to carry off the natural flow of surface water from said land, and the said railway obstructed the natural flow of said water, and thereby, on to wit, April 12, 1898, caused plaintiff's said land to be overflowed with water, thereby destroying plaintiff's crops which were then and there growing thereon, and injuring plaintiff's land. The items of the crops so destroyed and the injury of said land being as follows: Onions of the value of $50; corn of the value of $100; potatoes of the value of $50, and injury to said land in the sum of $250.

" 'Plaintiff further shows to the court that by reason of the said negligent and unlawful construction and maintenance of said railway by defendant, that on to wit, July 1, 1899, plaintiff's said land was again caused to be overflowed with water, thereby destroying plaintiff's crops then and there growing thereon and injuring his land. The items of the crops destroyed and the injury to said land being as follows: Corn to the value of $100; cotton to the value of $50, and injury to said land $150.

" 'Plaintiff further shows to the court that by reason of the said negligent and unlawful construction and maintenance of said railway by defendant, plaintiff's said land was again caused to be overflowed with water, on, to wit, January 7, 1900, whereby plaintiff's said land was injured to the amount of $100, and again on January 17, 1900, whereby plaintiff's said land was again injured to the amount of $100.

" 'Plaintiff shows to the court that by reason of the premises, he has been damaged in the sum of $950, of which damage the aforesaid negligent and unlawful acts of defendant were the direct and proximate cause. Wherefore, plaintiff sues and prays that defendant be cited to answer this petition, and that plaintiff have judgment for his damages as aforesaid and for interest and costs of suit and for general relief.'

"The defendant demurred specially to the allegations of injury to the land and its demurrer was sustained by the court. The plaintiff excepted to the ruling of the court and his exception was duly noted in the order of the court sustaining the demurrer. All of the items of the petition at the time the demurrer was sustained aggregated $950. The items stricken out on demurrer amounted to $600, leaving $350. After the demurrer had been sustained and the plaintiff's exception noted, the plaintiff amended his original petition by interlining, with the consent of counsel for defendant, the following additional items, viz: 'Cotton of the value of $35,' and 'injury to well, $25,' 'melons of the value of $25,' and 'injury to well, $25.' These last items, aggregating $110, added to all the items of the original petition, would make a total of $1060; but added only to the items not affected by the demurrer, make a total of $460. The cause was tried by jury and judgment was rendered in favor of the plaintiff against the defendant January 24, 1901, for the sum of $250. The defendant alone has appealed. No cross-assignment of error has been made by the plaintiff.

"Did the court have jurisdiction to render the judgment?"

In Lowe v. Dowborn, 26 Texas, 507, and Haddock v. Taylor, 74 Texas, 216, it was held that the trial courts had correctly ruled on exceptions that no causes of action were shown for the recovery of some of several sums of money claimed in the petitions, and that, other sums for which causes of action were shown not being, by themselves, within the jurisdiction of the district court, the suits were properly dismissed.

In the present case we can not say whether the exceptions were properly sustained or not, the grounds of exception not being stated. If the ruling of the County Court, that no cause of action was shown for the items of damage stricken out, was correct, then from the decisions cited it would seem to follow that, after this was ascertained, those items constituted no part of the amount in controversy and could not be considered in determining jurisdiction.

But the ruling of the trial court was not final. The plaintiff had the right to ask a reconsideration by that court or a reversal by the appellate court of the ruling. If in fact there was a right of recovery, the jurisdiction ultimately to award it continued notwithstanding the ruling on exceptions. It can not be said, therefore, that the sustaining of exceptions, by itself, put an end to the jurisdiction of the court to give judgment for the whole amount claimed in the original petition, if finally ascertained to be recoverable; and plaintiff could not continue to prosecute a good cause of action therefor and at the same time introduce and prosecute a claim to other damages, making an aggregate beyond the jurisdiction. The cases cited are therefore not decisive of the question certified, as we have not before us the question as to the validity of the claim for the items to which exceptions were sustained. If, however, the record shows that plaintiff abandoned his claim for the rejected items of damage, there is no reason why he could not, by amendment, claim others which, added to the sums unaffected by the ruling of the court, did not exceed the jurisdictional limit. While he reserved exception to the ruling on exceptions, he afterwards amended his pleading and asked the court to allow damages which could not be allowed by that court at the same time with all of those originally claimed. This was inconsistent with the further prosecution of his suit for the damages which the court had held not to be recoverable. Asking for judgment for the claims last set up, he could not, at the same time, assert right to those ruled out, because this would have involved him in inconsistent positions. Bige. on Estop., 687, et seq.

We think it is evident that he submitted to the ruling of the court, and, by his amendment, sought only to recover the sums which the ruling did not affect and those added by the amendment. The amendment having been made by consent, we think the case should be treated just as if plaintiff had filed a written pleading asking for the damages not stricken out by the court and those newly added.

Of course, we do not mean to say that, ordinarily, where no question of jurisdiction would arise, a plaintiff, to whose claims for damages ex-

·ceptions are sustained, would have to abandon his action therefor in ·order to amend and assert others. Our decision is confined to the case presented, where the further prosecution of the claims first asserted would be inconsistent with the recovery of that finally set up.

Our conclusion is that the court had jurisdiction to render the judgment.