Western Union Telegraph Company v. Mary C. Arnold et al.

No. 1203. Decided May 4, 1903.

Telegraph—Mental Suffering—Minister to Conduct Funeral.

Damages are not recoverable by the relatives of one deceased for their mental suffering by reason of their failure, through negligence of a telegraph company, to secure a clergyman whom they desired, in accordance with the wish of deceased, to conduct the funeral services. (Pp. 495, 496.)

Question certified from the Court of Civil Appeals for the Third District, in an appeal from Milam County.

*Norman G. Kittrell,* for appellant (*Geo. H. Fearons,* of counsel).— Damages for mental anguish caused by failure to deliver a telegram expressing a wish that the addressee, a minister, might officiate at a funeral, are not recoverable at law, and it is reversible error not to sustain general and special demurrers to a petition seeking to recover such damages. Appellant, while not waiving any ground of error which may be herein briefed, lays down the distinct and affirmative proposition that the petition does not state a case authorizing recovery, and that it is an attempt to extend the right of recovery in this character of cases to a limit never before reached and never authorized or approved by any court. McAllen v. Telegraph Co., 70 Texas, 243; Rowell v. Telegraph Co., 75 Texas, 26, 12 S. W. Rep., 534; Telegraph Co. v. Smith, 76 Texas, 253; Ricketts v. Telegraph Co., 10 Texas Civ. App., 226; Voegler v. Telegraph Co., 30 S. W. Rep., 1107; Johnson v. Telegraph Co., 14 Texas Civ. App., 536; Luck case, 91 Texas, 178; W. U. Telegraph Co. v. Giffin, 93 Texas, 530; Akard v. Telegraph Co., 44 S. W. Rep., 538; Morrison case, 59 S. W. Rep., 1127; Southwestern T. & T. Co. v. Gotcher, 93 Texas, 117.

*Monta J. Moore* and *Hefley, McBride & Watson,* for appellees.— Damages for mental anguish are recoverable for the negligent failure of a telegraph company to perform its contract with plaintiffs to transmit and deliver a message to a minister of the gospel, summoning such minister to come and officiate at the burial services of a relative,—the husband of one of the plaintiffs, and the father of the other three plaintiffs,—where the plaintiffs were earnestly solicitous for the attendance of the particular minister, on account of the great esteem in which said minister is held by plaintiffs, and was held by deceased in his lifetime, and the telegraph company's agent receiving the message for transmission is, at the time of receiving same, notified of all the facts, including the relations existing between plaintiffs and said minister, and the former relations between said minister and the deceased relative, and where the message is addressed to said minister, and reads, "Captain Arnold will be buried tomorrow. Family wish you to officiate. Reply," and is signed by a third party sending the message for

plaintiffs. Hale v. Bonner, 82 Texas, 33; Wells-Fargo v. Fuller, 131 Texas Civ. App., 610; Western Union v. Robinson, 37 S. W. Rep., 545; 8 Am. and Eng. Enc. of Law, 2 ed., 672; The Caven case, 70 S. W. Rep., 229.

BROWN, Associate Justice.—Certified question from the Court of Civil Appeals for the Third Supreme Judicial District, as follows:

"This is a damage suit against a telegraph company. The trial court overruled a general demurrer and special exceptions to the plaintiffs' petition, and upon trial a verdict and judgment were rendered for the plaintiffs for $1235, and the defendant has appealed, and has assigned as error the ruling of the trial court on the demurrers and other rulings, which assignments make it the duty of the Court of Civil Appeals to decide the following material question, which said court deems proper to certify to the Supreme Court for decision, which is accordingly hereby done:

"If the facts alleged in the plaintiffs' petition are true, were the plaintiffs entitled to recover compensation for mental distress and anguish? In other words, were such injuries to be contemplated as breach of the contract?

"Omitting certain formal portions, the plaintiffs' petition reads as follows: 'Plaintiffs show that B. I. Arnold, the husband of the plaintiff Mary C. Arnold, and the father of the other plaintiffs, departed this life on to wit, April 22, 1899, and his remains were interred in the city cemetery at Cameron, Texas, on the following day, to wit, April 23, 1899. That owing to the fact that W. K. Homan, a minister of the gospel and who resides at Dallas, Texas, was a lifelong friend to the said B. I. Arnold and his family the plaintiffs, and obeying the oft repeated requests of the said B. I. Arnold made just prior to his death, plaintiffs desired to have the said Homan present and to have him officiate and to perform the funeral services at the burial of their said husband and father, and with this object in view, plaintiffs procured James B. Moore, of Cameron, Texas, to deliver to the defendant's agent at Cameron, Texas, for prompt transmission and delivery to said Homan, at Dallas, Texas, a message in substance as follows, to wit: "Cameron, Texas, April 22, 1899.—To W. K. Homan, care Christian Courier, Dallas, Texas: Captain Arnold will be buried to-morrow evening four o'clock. Family wish you to officiate. Reply. James B. Moore.'

"'At the time of receiving said message defendant corporation was a public telegraph company, engaged in the business of transmitting telegraph messages for the public between Cameron and Dallas, Texas, and as such received the message aforesaid, receiving from the plaintiffs, through the said James B. Moore, the sum of twenty-five cents as the charge for promptly transmitting said message by telegraph and delivering the same with reasonable dispatch to said W. K. Homan, at Dallas, Texas, and defendant contracted and it was its duty so to do, and if it had done so, said Homan would have come to Cameron and

would have been present and officiated at the burial of said B. I. Arnold, as defendant company well knew.

" 'Defendant company, not being ignorant of the premises, but well knowing same, and having full knowledge of the facts as herein alleged, and well knowing that said message was being sent for the benefit of these plaintiffs, and knowing the relationship between plaintiffs and the said B. I. Arnold, and that the latter was dead, and well knowing that the failure to promptly transmit and deliver said message as agreed would occasion the plaintiffs great mental anguish and distress, resulting from the failure of said Homan to be so present and officiate as aforesaid, did negligently and without cause fail and refuse to promptly and with reasonable diligence transmit and deliver said message to said Homan as aforesaid, and on account of this negligence said Homan knew nothing of the situation and knew nothing of the death of the said B. I. Arnold, or of the wish of the plaintiffs to have him so officiate at the funeral, and he did not come and was not present at said funeral, and plaintiffs were compelled to and did get another and a different minister to officiate, who was an entire stranger to plaintiffs and their said deceased husband and father, and as a consequence plaintiffs suffered great disappointment and anguish and distress of mind, to the actual damage in the sum of nineteen hundred and ninety dollars, and they are also entitled to damages in the sum of twenty-five cents, the amount paid defendants for sending said message.

" 'Wherefore, plaintiffs ask that defendant be cited, and that they have judgment for damages in the aforesaid sums, and they also pray for costs and for all such general and special relief, legal and equitable, to which they may appear entitled.'

"The Court of Civil Appeals desires to amend the statement and question certified in this cause by adding that the plaintiffs filed a trial amendment in which they alleged that, at the time the message was sent, the defendant company had actual notice of the relations existing between them and the deceased, and between them and said Homan, and of the fact that a failure to promptly transmit and deliver the message would cause the plaintiffs to suffer mental anguish. All these averments, except the latter, were sustained by proof.

"We desire that the Supreme Court, in deciding the question certified, shall consider the above averments as part of the plaintiffs' pleading; and we desire and request that court to decide:

"1.   Whether or not the averments in the original and amended petition state a cause of action for damages for mental anguish.

"2.   If they do, is the averment that the defendant had actual notice that mental anguish would result to plaintiffs from the failure to promptly transmit and deliver the message essential to show such cause of action; and would a failure to prove that averment be fatal to a recovery for mental suffering?"

As a general rule the law denies a recovery of damages for mental anguish caused by breach of contract, and appellees' action can not be

sustained unless it comes within some established exception. We know of no case decided by this court which is a precedent for this action. On the contrary, it has been held that a recovery can not be had for the failure of a friend or relative to attend the sender of such message in case of death or serious illness, through the negligence of the telegraph company. W. U. Telegraph Co. v. Luck, 91 Texas, 181; W. U. Telegraph Co. v. Steinbergen, 54 S. W. Rep., 829.

In the case of Telegraph Company v. Luck, above cited, the facts were briefly, that Luck was seriously sick and his wife Mena Luck, by telegraphic message, summoned her daughter, the stepdaughter of the sick man, to come to the family in San Antonio. The telegraph company negligently failed to deliver the message in reasonable time, whereby the daughter was prevented from arriving before the death of her stepfather. The mother, who sent the telegram, suffered mental distress on account of her daughter's absence and brought suit against the telegraph company to recover damages, but this court held that the facts did not constitute a cause of action against the telegraph company, because the mental anguish was not a natural consequence of the failure to deliver the message.

The appellees cite the cause of the Western Union Telegraph Company v. Robinson, from the Supreme Court of Tennessee, 37 S. W. Rep., 545. The facts of that case make it more analogous to the class of cases in which a physician is summoned by a telegraphic message to attend a sick person and upon failure caused by the negligence of the telegraph company our court has allowed a recovery for mental anguish. We are not, however, inclined to approve the case of Telegraph Company v. Robinson, cited, even if it were in point.

We answer that the facts alleged in the plaintiff's petition do not constitute a cause of action against the telegraph company.