Western Union Telegraph Company v. Mary C. Arnold.

No. 1286.‾ Decided February 29, 1904.

**1.—Amount in Controversy—Damages Not Legally Recoverable.**

Where a petition claims damages in an amount sufficient to give the trial court jurisdiction but shows a legal right to recover only so much as would be under the jurisdictional amount, the case should be dismissed. (Pp. 375, 376.)

**2.—Same—Jurisdiction—Practice.**

The rule requiring dismissal where the petition shows no legal right to recover damages sufficient to give the court jurisdiction, though claiming more, is one of practice rather than strictly of jurisdiction, and should be enforced on appeal though a recovery in such case might not be void. (P. 376.)

Certificate of dissent from the Court of Civil Appeals for the Third District, in an appeal from Milam County.

The certificate of dissent with the accompanying majority and dissenting opinions were as follows:

"To the Supreme Court of the State of Texas: With a view to certifying the hereinafter stated questions, the Court of Civil Appeals of the Third Supreme Judicial District of Texas makes the following preliminary statement:

"At the last term of this court we certified to the Supreme Court, in the above styled and numbered cause, the question whether the plaintiffs' petition stated a cause of action entitling them to recover damages for mental anguish. The averments of the petition stated in the certificate referred to are as follows:

" 'Plaintiffs show that B. I. Arnold, the husband of the plaintiff Mary C. Arnold, and the father of the other plaintiffs, departed this life on to wit, April 22, 1899, and his remains were interred in the city cemetery at Cameron, Texas, on the following day, to wit, April 23, 1899. That owing to the fact that W. K. Homan, a minister of the gospel, and who resides at Dallas, Texas, was a lifelong friend of the said B. I. Arnold and his family the plaintiffs, and obeying the oft repeated requests of the said B. I. Arnold made just prior to his death, plaintiffs desired to have the said Homan present and to have him officiate and to perform the funeral services at the burial of their said husband and father, and with this object in view, plaintiffs procured James B. Moore of Cameron, Texas, to deliver to the defendant's agent at Cameron, Texas, for prompt transmission and delivery to said Homan at Dallas, Texas, a message in substance as follows, to wit:  "Cameron, Texas, Apr. 22, 1899.—To W. K. Homan, care Christian Courier, Dallas, Texas: Captain Arnold will be buried tomorrow evening four o'clock. Family wish you to officiate. Reply. James B. Moore."

" 'At the time of receiving said message, defendant corporation was a public telegraph company, engaged in the business of transmitting telegraphic messages for the public between Cameron and Dallas, Texas,

and as such received the message aforesaid, receiving from the plaintiffs, through the said James B. Moore, the sum of twenty-five cents as the charge for promptly transmitting said message by telegraph and delivering the same with reasonable dispatch to said W. K. Homan, at Dallas, Texas; and defendant contracted and it was its duty so to do; and if it had done so said Homan would have come to Cameron and would have been present and officiated at the burial of said B. I. Arnold, as defendant company well knew.

" 'Defendant company not being ignorant of the premises, but well knowing same, and having full knowledge of the facts as herein alleged, and well knowing that said message was being sent for the benefit of these plaintiffs, and knowing the relationship between plaintiffs and the said B. I. Arnold, and that the latter was dead, and well knowing that the failure to promptly transmit and deliver said message as agreed would occasion the plaintiffs great mental anguish and distress, resulting from the failure of said Homan to be so present and officiate as aforesaid, did negligently and without cause fail and refuse to promptly and with reasonable diligence transmit and deliver said message to said Homan, as aforesaid, and on account of this negligence said Homan knew nothing of the situation and knew nothing of the death of the said B. I. Arnold, or of the wish of the plaintiffs to have him so officiate at the funeral, and he did not come and was not present at said funeral, and plaintiffs were compelled to and did get another and a different minister to officiate, who was an entire stranger to plaintiffs and their said deceased husband and father, and as a consequence plaintiffs suffered great disappointment and anguish and distress of mind, to the actual damage in the sum of nineteen hundred and ninety dollars, and they are also entitled to damages in the sum of twenty-five cents, the amount paid defendant for sending said message.

" 'Wherefore, plaintiffs ask that defendant be cited, and that they have judgment for damages in the aforesaid sums, and they also pray for costs and for all such general and special relief, legal and equitable, to which they may appear entitled.'

"The Court of Civil Appeals desires to amend the statement and question certified in this cause by adding that the plaintiffs filed a trial amendment in which they alleged that at the time the message was sent, the defendant company had actual notice of the relations existing between them and the deceased, and between them and the said Homan, and of the fact that a failure to promptly transmit and deliver the message would cause the plaintiffs to suffer mental anguish. All these averments, except the latter, were sustained by proof."

The questions asked the Supreme Court are as follows:

"We desire that the Supreme Court in deciding the question certified shall consider the above averments as part of the plaintiffs' pleading; and we desire and request that court to decide:

"1. Whether or not the averments in the original and amended petition state a cause of action for damages for mental anguish.

"2. If they do, is the averment that the defendant had actual notice that mental anguish would result to plaintiffs from the failure to promptly transmit and deliver the message essential to show such cause of action; and would a failure to prove that averment be fatal to a recovery for mental suffering?"

In answer to the questions propounded, the Supreme Court delivered the following opinion:

"As a general rule, the law denies a recovery of damages for mental anguish caused by breach of contract, and appellees' action can not be sustained unless it comes within some established exceptions. We know of no case decided by this court which is a precedent for this action. On the contrary, it has been held that a recovery can not be had for the failure of a friend or relative to attend the sender of such message in case of death or serious illness, through the negligence of the telegraph company. Western U. Tel. Co. v. Luck, 91 Texas, 181; Western U. Tel. Co. v. Steinberger, 54 S. W. Rep., 829.

"In the case of Telegraph Company v. Luck, above cited, the facts were, briefly, that Luck was seriously sick and his wife, Mena Luck, by telegraphic message sumoned her daughter, the stepdaughter of the sick man, to come to the family in San Antonio. The telegraph company negligently failed to deliver the message in reasonable time, whereby the daughter was prevented from arriving before the death of her step-father. The mother who sent the telegram suffered mental distress on account of her daughter's absence and brought suit against the telegraph company to recover damages, but this court held that the facts did not constitute a cause of action against the telegraph company, because the mental anguish was not a natural consequence of the failure to deliver the message.

"The appellees cite the cause of the Western Union Telegraph Company v. Robinson, from the Supreme Court of Tennessee, 37 S. W. Rep., 545. The facts of that case make it more analogous to the class of cases in which a physician is summoned by a telegraphic message to attend a sick person, and upon failure caused by the negligence of the telegraph company our court has allowed a recovery for mental anguish. We are not, however, inclined to approve the case of Telegraph Company v. Robinson, cited, even if it were in point.

"We answer that the facts alleged in the plaintiffs' petition do not constitute a cause of action against the telegraph company."

During the present term of this court, and after the opinion of the Supreme Court upon the questions certified was delivered to this court, we held, in disposing of the above styled and numbered cause, that the only question left in the case was whether the plaintiffs were entitled to recover the cost of the telegraphic message described and mentioned in plaintiffs' petition; and that it was apparent from the opinion of the Supreme Court, in answer to the questions certified, that the plaintiffs' petition could not be amended so as to state a cause of action entitling them to recover for mental suffering on account of the negligence of the

telegraph company in failing to deliver the message in question. There- fore, this court held that it and the District Court of Milam County, the trial court, had no jurisdiction to render judgment for the item of 25 cents, the cost of the message. Thereupon, we reversed and remanded the case with instructions to the trial court to dismiss the same at the cost of the appellees. The opinion of the majority of the court in dis- posing of the case is as follows:

FISHER, CHIEF JUSTICE.—During its last term this court certified to the Supreme Court the question whether the plaintiff's petiton stated a cause of action entitling the plaintiff to recover damages for mental suf- fering arising from the negligence of the appellant, for failure to deliver the telegram upon which the cause of action is based. This embraced all of the plaintiff's claim, except item of 25 cents, the cost of the message.

The Supreme Court in answering the question held that the petition did not state a cause of action, and, in effect, held that it was subject to a general demurrer.

The only question left in the case is whether or not the District Court and this court have jurisdiction to render a judgment in favor of appellee for the 25 cents, the cost of the message. In effect it is held in the following cases that where the plaintiff's demand is reduced by demurrer to a sum less than the amount of which the court would have jurisdic- tion, that the court is without authority to proceed further, and the case should be dismissed: Lowe v. Dowbarn, 26 Texas, 509; Haddock v. Taylor, 74 Texas, 216; Rowell v. Tel. Co., 75 Texas, 26; Wood County v. Cate, 75 Texas, 219; Peterson v. Thomas, 24 S. W. Rep., 1124; Thomas v. Tel. Co., 61 S. W. Rep., 501; McFadin v. San Antonio, 22 Texas Civ. App., 140 (a writ of error was refused in this case); Keller v. Huffman, 26 S. W. Rep., 863; Doherty v. City of Galveston, 48 S. W. Rep., 804; Robinson v. Garrett, 54 S. W. Rep., 270; Hill v. Strauss, 56 S. W. Rep., 540; Roller v. Zundelowitz, 73 S. W. Rep., 1071; Schulz v. Lessman, 92 Texas, 488; Missouri K. & T. Ry. Co. v. Kolbe, 95 Texas, 77; Connor v. Sewell, 90 Texas, 275.

These cases rest upon the doctrine that joining an item or claim for which the law affords no relief or remedy for the recovery thereof with one for which a cause of action exists, when the latter is not of value or amount within the jurisdiction of the court, that jurisdiction does not exist, and that when this is apparent from the face of the petition, the court will, as a matter of law, in sustaining demurrers, in effect deter- mine that the case alleged is in part fictitious. Mere averment or asser- tion of a claim or demand will not create a cause of action which the court can adjudicate, when neither law nor equity recognize that the facts upon which the claim or demand is based furnish the basis for any relief. This principle is well illustrated in the case of Connor v. Sewell, 90 Texas, 275. A different rule, however, obtains when want of jurisdiction arises as an issue of fact. When a demand is pleaded for

which an action would lie and over which the court has jurisdiction according to the averments of the petition, the presumption will be indulged in the bona fides of the party bringing the suit, and that it is not fictitious or that the demand was not laid at a sum for the purpose of fraudulently conferring jurisdiction; and also that when two or more demands are sued upon, and they are of a nature that can properly be joined in one suit and for each of which a cause of action would lie, the failure to establish one or more would not defeat the jurisdiction of the court, although the one so established and proven would be for a sum less in amount than the court would originally have jurisdiction of.

Judgment is reversed and cause remanded with instructions to the trial court to dismiss the case at cost of appellees. Cost of appeal is adjudged against appellees.

The dissenting opinion of Associate Justice Key is as follows:

KEY, ASSOCIATE JUSTICE.—Not being able to concur with his associates as to the disposition made of this case, the writer will state the grounds upon which his dissent rests. The main question in the case has been certified to and decided by the Supreme Court, and I have no fault to find with that decision, which settles the law of the case against the plaintiffs as to all the damages sued for except the contract price paid by them for transmitting the message. That the petition states a cause of action for the latter sum is not denied by the majority opinion.

The plaintiffs' petition charges the defendant with breach of the contract to transmit and deliver a telegraphic message announcing the death and contemplated burial of a relative of the plaintiffs. The message was sent by the plaintiffs to a friend, who was a minister of the gospel, and whom the plaintiffs desired to be present and officiate at the funeral; which, according to the averments of the petition, he failed to do on account of the defendant's breach of its contract. On account of that breach the plaintiffs alleged that they sustained mental pain and suffering to their damage over $1900, for which sum, together with 25 cents paid the defendant for transmitting the message, the petition prays judgment against the defendant.

The Supreme Court held that the averments of the petition failed to bring it within the class of cases in which damages are recoverable for mental suffering; and because of that holding, a majority of this court holds that the plaintiff's entire case must be dismissed, upon the theory that sustaining an exception to so much of the petition as seeks recovery for mental suffering reduces the amount in controversy to less than $500, and below district court jurisdiction.

The writer dissents, and maintains (1) that when the plaintiffs' petition was filed, and the defendant served with citation, the District Court acquired jurisdiction of the entire case; and (2) that when the case is remanded, that court will still have jurisdiction to try the case and render judgment.

97 Supreme—24.

The term jurisdiction, when applied to courts, and not restricted by the written law conferring it, means the power to hear and decide issues, both of law and fact, and the power to enforce the conclusion reached by the court. A text-writer defines jurisdiction as "the power conferred on a court by Constitution or statute to take cognizance of the subject matter of a litigation and the parties brought before it, and to legally hear, try and determine the issues and render judgment according to the general rules of law upon the issues joined by them, either of law or of fact, or both." Brown on Jurisdiction, sec. 2. See, also, 17 Am. and Eng. Enc. of Law, 2d ed., 1041, 1042, and cases there cited; also, Townes on Texas Pleading, pp. 18, 19.

And it seems quite clear to my mind that when jurisdiction is made to depend alone upon the amount in controversy, the controversy may be one of law or of fact, or both. And it seems quite as clear that the provision of the Constitution applicable to this class of cases, makes the amount in controversy the sole test of jurisdiction, for it declares that "the district court shall have original jurisdiction * * * of all suits, complaints or pleas whatever, without regard to any distinction between law and equity, when the matter in controversy shall be valued at or amount to five hundred dollars, exclusive of interest." If the framers of this provision had intended to limit jurisdiction under it to cases in which the pleadings state a cause of action, why did they fail to use the term "causes of action," in that provision, when they used it in another paragraph in the same section describing a different class of cases? The language, "all suits, complaints or pleas whatever," is exceedingly broad, and includes those which fail to state a good cause of action, as well as those which do; and yet the only limitation the makers of the Constitution saw proper to place upon it was the amount in controversy.

In my judgment, the plain language and obvious meaning of the Constitution is that when a plaintiff, in good faith, files a suit, complaint or plea, by which he seeks to recover from a defendant money or other property, alleged in his pleading to be of the value of more than $500, exclusive of interest, the district court has jurisdiction to make any ruling or decision that it sees proper to make. It may render judgment for the plaintiff for less than $500, because of the want of evidence to show greater liability, or because it may hold that the defendant is not, in law, liable for a portion of the amount sought to be recovered, conceding the facts to be as alleged in the plaintiff's petition.

Decisions cited in support of the majority opinion seem to proceed upon the theory that when a plaintiff's petition asserts two grounds of recovery for an amount exceeding $500, one stating a cause of action and the other failing so to do, the district court will have jurisdiction until a demurrer is sustained to that portion of the petition which fails to state a cause of action, and the amount sought to be recovered on the other branch of the case is less than $500.

With all due respect to the decisions which support that conclusion,

the conclusion itself is believed to be unsound and contrary to the weight of authority. It has been repeatedly held in this State, and the ruling is in harmony with the great weight of decision in other jurisdictions, that jurisdiction of the subject matter is determined by the averments contained in the plaintiff's petition, unless the defendant charges the plaintiff with making false averments or contentions for the purpose of conferring jurisdiction, or unless such purpose is apparent on the face of the plaintiff's pleading.

In the beginning of our judicial history, the Supreme Court of the Republic of Texas stated the rule in this apt language: "The amount in controversy is the amount claimed in the plaintiff's petition." Hunter v. Oelrich, Dall., 358. In Tarbox & Brown v. Kennon, 3 Texas, 8, this language was used in the opinion: "In questions of jurisdiction it has often been ruled that the plaintiff's demand, as set forth in his declaration or petition, is to be considered the matter in controversy, and recourse must be had to the demand thus set out to determine the jurisdiction. In such a case the verdict, it is held, is not the rule to determine the amount in controversy, but when a plaintiff declares for a sum within the jurisdiction conferred, and there is no plea to the jurisdiction, the court may adjudicate the subject matter and give judgment for a less sum than that which is required to give jurisdiction."

These decisions have been frequently cited with approval, and it has been repeatedly held that when a plaintiff sues for an amount within the jurisdiction of the court, judgment may be rendered for him for a sum less than is requisite to confer jurisdiction. The principle referred to was applied by our Supreme Court in the recent case of Ablowich v. National Bank, 95 Texas, 429. In that case the amount sued for, exclusive of interest, was less than $500, but as the plaintiffs sought to enforce a lien on land, the Supreme Court held that the District Court had jurisdiction to render judgment for the debt, without foreclosing the lien.

Now, if it be true that a plaintiff may sue in the district court for $800, and the court has jurisdiction to render judgment for less than $500, then why should it be held, when a suit is brought in good faith, that if exceptions be sustained to certain items sued for and the remainder be less than $500, the court loses jurisdiction to render judgment for such remainder? To so hold is to overlook the fact that jurisdiction is determined by the amount claimed in good faith by the plaintiff. It is illogical to say that jurisdiction depends entirely upon the good faith averments in the plaintiff's petition, and then say that the court may lose jurisdiction by some ruling made during the trial. No action of the court can change the contents of the plaintiff's pleading. When a plaintiff sues for a jurisdictional amount, and jurisdiction is determined solely by the amount sued for, what difference can it make whether the amount the plaintiff is entitled to recover is reduced to less than jurisdictional value by a finding of fact or con-

clusion of law? Neither the finding of fact nor conclusion of law would change the fact that the court had jurisdiction of the suit as originally brought, and if it had such jurisdiction, our Supreme Court, and almost all other courts, hold that such jurisdiction remains, although the amount of the plaintiff's recovery may be reduced to less than the jurisdictional amount by the verdict of the jury.

The majority opinion seems to proceed upon the theory that jurisdiction of the subject matter does not exist, unless the plaintiff's petition states a cause of action for the jurisdictional amount, but in view of the broad language of the Constitution conferring jurisdiction in this class of cases, and for the reasons heretofore stated, the writer can not sanction that proposition. If such contention be correct, then the District Court never acquired jurisdiction of the subject matter of this suit, and if the defendant had confessed judgment, such judgment would have been utterly void, because jurisdiction of the subject matter can not be conferred by consent.

It is also said in the majority opinion that sustaining a demurrer in this class of cases in effect determines that the case alleged is in part fictitious, and I find myself unable to sanction that conclusion. It is conceded that if a plaintiff act in bad faith, for the purpose of conferring jurisdiction, the court has the power to thwart that purpose and refuse to entertain the suit. It is also conceded that such bad faith or fraudulent conduct may consist in averments of fact known by the pleader to be untrue, or in legal conclusions or prayers for relief in the petition which the pleader knows, or should be presumed to know, are untenable. Our own decisions illustrate both classes of cases. It is not necessary to cite cases in which plaintiffs have been charged with alleging excessive values or amount of damages, for the purpose of conferring jurisdiction.

The other class of cases is illustrated by Swigley v. Dickson, 2 Texas, 193, in which the plaintiff sued on a note upon which a credit was indorsed, and which credit reduced the amount to less than district court jurisdiction. The petition sought to recover the face of the note, and made no reference to the credit. The note was filed with the petition, and the court held, in effect, that it appeared from the petition and note that the plaintiff in claiming the face of the note was acting in bad faith, in order to evade the restriction imposed on the jurisdiction of the court in which the suit was brought. Other illustrations might be given in which the court would be warranted in deciding that the plaintiff's pleading showed on its face that he was not acting in good faith in the conclusions of law sought to be drawn from the facts stated in the pleading. For instance, in a suit upon a note, if the plaintiff, without charging the defendant with any other wrongful conduct than failure to pay the note, should ask judgment for exemplary damages. It is so well settled that such damages are not recoverable in such a case that a court might well presume that they were not claimed in good faith. But such conclusion is not warranted in every case in which

the court reaches the conclusion that the plaintiff is asserting a claim that he is not entitled to. Controversies often arise, and cases are often presented, in which good lawyers and sometimes judges will differ as to the rules of law by which the rights of the parties should be governed; and in such a case a plaintiff and his counsel might contend in good faith that he was entitled to recover, and yet it might properly be decided that he was not.

In an early case our Supreme Court said, "and in a case admitting of reasonable doubt as to whether the amount in controversy is within the jurisdiction and whether the plaintiff might have had reasonable ground or expectation of recovering the amount claimed, it being a sufficient amount to give jurisdiction, the case will not be dismissed for the want of jurisdiction." Graham v. Roder, 5 Texas, 145. The case at bar falls in the class of cases referred to. Our Supreme Court has established the doctrine that in certain cases damages may be recovered as compensation for mental anguish resulting from failure to transmit and deliver a telegram; and many cases have arisen since that doctrine was first announced in which lawyers and judges have, in good faith, differed as to the right to recover such damages. And in some cases decided by the Supreme Court the line of demarcation and distinction is very dim. Such being the conditions when the facts upon which this case is predicated arose, and counsel for the plaintiffs having found a decision in another State in a somewhat similar case which supports the right to maintain such an action, it ought not to be held that because they were mistaken in the views of the law which they urged, therefore the plaintiffs' action to recover such damages was not brought in good faith or was fictitious. The Tennessee case just referred to, and which tends to support the plaintiff's contention, was disapproved by our Supreme Court in this case, but such disapproval does not change the fact that it may have influenced the plaintiffs and their counsel, and led them to believe that they were entitled to recover the damages sued for. Furthermore, the trial court sustained the plaintiff's contention; and this court was in such doubt as to warrant certifying the question to the Supreme Court.

Tidball v. Eichoff, 66 Texas, 58, was a suit on a bond for $300, executed in pursuance of an order of court in a suit involving a contest over the proceeds of the sale of certain property sold under an attachment lien. The bond obligated its makers to pay Eichoff all the damages that he might sustain in case they, as interveners in the case, failed to show that Eichoff was not entitled to the proceeds of the sale. Eichoff asked for judgment against the makers of the bond for $150 attorney's fee paid by him to defend his rights in the contest; $150 paid by him for his personal expenses in attending court; $128.81 interest on the proceeds of the sale of the attached property; and $62.15 court costs paid by him. The case went to the Supreme Court, where it was held that the only item of damages recoverable by Eichoff was the item of interest amounting to $128.81. The case was reversed (Eichoff v.

Tidball, 61 Texas, 421), and at the second trial the defendant excepted to all the other items set up in the plaintiff's petition, which exceptions were sustained. Thereupon, the defendants moved to dismiss the suit, because the amount in controversy was less than $200. The motion was overruled, and the court gave judgment for the plaintiff for $102.50. The question of jurisdiction was presented to the Supreme Court, and, after enumerating the several items claimed by the petition, Chief Justice Willie, speaking for the court, said:

"This amount being in controversy between the parties, the case was within the jurisdiction of the County Court, and of the District Court, when the case was removed there by reason of the disability of the county judge. But it is said that it was adjudged by this court, when the case was before us on a former appeal, that the only item of damages which the plaintiff was entitled to recover was the interest upon the $2929.25, during the time that it was stayed in the hands of the court by reason of the execution of the bond. The court below followed the decision of this court upon that point, and rendered judgment for 8 per cent interest per annum upon the above sum, amounting for the time it was detained from the plaintiff to $102.50. It is now claimed that this amount being within the exclusive jurisdiction of a justice of the peace, the court below was not authorized to enter such a judgment.

"The objection can not prevail. The rule is that 'jurisdiction, so far as matter or amount in value is concerned, must be determined by the petition, and that question is concluded by its averments, in so far as they state facts in relation to the thing in controversy, unless it otherwise appears that a plaintiff, in framing his petition, has improperly sought to give jurisdiction where it does not properly belong.' Dwyer v. Bassett & Bassett, 63 Texas, 274.

"The averments of the petition, therefore, were sufficient to give the court below jurisdiction to render the judgment appealed from. If the items sued for and upon which no recovery was had were fraudulently included in the suit for the purpose of giving the court a jurisdiction to which it was not entitled, this should have been pleaded and made an issue in the case. Dwyer v. Bassett & Bassett, supra.

"There was no such pleading in this cause, and no proof that any fraud upon the jurisdiction of the court was intended. The most that can be said in favor of the appellant's position is that the plaintiff below was mistaken as to the measure of damages to which he was entitled by reason of the execution of the bond. That he was not honestly mistaken, is not made to appear; and he can not be deprived of the amount which he is justly entitled to recover and which the court below was authorized to adjudge to him, because through an error of law he claimed a sum in addition to it, to which he had no right."

That case is referred to with approval in Ratigan v. Holloway, 69 Texas, 469, and Dwyer v. Brenham, 70 Texas, 33. Similar rulings were made by this court at its last term in Cammack v. Prather, 74

S. W. Rep., 354, and Hill & Morris v. St. Louis S. W. Ry. Co., 75 S. W. Rep., 874.

The cases cited in the majority opinion, all of which except one are later than the case in 66 Texas, do not refer to that case; and therefore it seems to the writer that it has been overlooked and not overruled by the Supreme Court, although it is conceded that the rulings made in the cases referred to in 74 and 75 Texas are in direct conflict with Judge Willie's opinion and the decision in the Tidball case.

Therefore, finding the decisions of the Supreme Court in conflict on the question, and believing that Judge Willie's opinion states the law correctly, the writer feels constrained to dissent from the ruling made by this court on the question of jurisdiction. It is true that the amount remaining in controversy is small, but the costs of the trial court are not inconsiderable; and believing that the suit was brought in good faith, and that sustaining an exception to the claim for damages for mental anguish does not deprive the District Court of jurisdiction of the remaining branch of the case, I can not consent to the action of this court in directing that the suit be dismissed at the plaintiffs' cost.

The case was disposed of by this court at its present term. There was, within the time required by law, a motion for rehearing filed by appellees, which was on the 9th day of December, 1903, overruled by this court. Thereafter, on the 10th day of December, 1903, in view of the dissent of one of the justices of this court from the opinion of the majority, the appellees filed a motion to certify the question of dissent to the Supreme Court of this State, which motion was granted on the 23d day of December, 1903. Therefore, in view of the order of this court in granting the motion to certify, and in view of this dissent on the question stated in the opinions by the members of this court, we certify to the Supreme Court the following questions:

1. Which of the two opinions of the members of this court state the correct doctrine?

2. In view of the opinion of the Supreme Court upon the questions certified, and the judgment of this court thereafter upon those questions, to the effect that plaintiffs' petition did not state a cause of action entitling them to recover damages for mental suffering, and in view of the fact that the only item of damage then left in the case was the sum of 25 cents, the cost of the message, did the District Court and this court have jurisdiction to determine the liability or nonliability of the telegraph company to the plaintiffs for the 25 cents, the price of the telegram?

WILLIAMS, Associate Justice.—The questions before us arise upon a certificate of dissent from the Court of Civil Appeals for the Third District. That court having reached the conclusion that plaintiff's petition showed no cause of action except for the recovery of 25 cents, the majority of the court, in an opinion of Chief Justice Fisher,

held that the action should be dismissed because that sum was below the jurisdiction of the district court, and Justice Key dissented, holding that, since the petition claimed an amount within the jurisdiction of the district court, jurisdiction attached and should be retained for the purpose of rendering judgment for the amount for which the petition showed cause of action. The views are fully and satisfactorily expressed in the two opinions.

We are of the opinion that the view of the majority is the correct one. It must be admitted that the decisions of this court upon the question are conflicting and Judge Key's position is sustained by the opinion of Chief Justice Willie in Tidball v. Eichoff, 66 Texas, 58. All of the other cases to which our attention has been called are probably reconcilable with our present holding upon the distinction made by Chief Justice Fisher. It is a rule generally observed by our courts that where they have obtained jurisdiction of a cause they will retain it for the purpose of rendering complete justice upon the whole case; but this itself is only a rule of practice not of universal application, and one of the exceptions to it exists in cases like this. It may be true that when a petition is filed in the district court claiming more than five hundred dollars the court has full power to render judgment for the amount claimed, or any less sum, so that its judgment for any amount would be valid, whether the petition showed a good cause of action for more than five hundred dollars or not. It does not follow that the proper practice is for the court, when it sees from the plaintiff's own pleadings that he has no cause of action except one which he should have asserted in another tribunal, to entertain that claim because the plaintiff has also asserted another to the recovery of which he has no right. If but one amount is claimed which is within the jurisdiction and the court finds, on exception, that no right to recover it is shown by the petition, judgment of dismissal follows not for want of jurisdiction, but for want of cause of action. If enough to give jurisdiction is claimed, but right is only shown to an amount beneath the jurisdiction of the court, it may be true that here also the court has jurisdiction over the cause and that it is not lost through the sustaining of exceptions to the unfounded claims; but when such exceptions have been sustained, the question with which the court is confronted is, should it retain jurisdiction in order to enforce a demand which ought to have been set up in another court? This question is answered by the authorities cited in the majority opinion in the negative, and those decisions, we think, have established the rule of practice in this State which should be observed. The case of Tidball v. Eichoff is contrary to the current of the decisions on the subject.

A different rule exists, as pointed out by Chief Justice Fisher, where the petition shows a cause of action for an amount within the jurisdiction of the court. The court must then try the case upon the evidence and render judgment for such sum as the party may be entitled to. If the defendant wishes to have the cause dismissed he must take issue

with the plaintiff upon the facts. This is established by other decisions. This distinction had not, as this court thought, been observed in certain cases in which jurisdiction was given by the assertion of liens on lands, and, in the case of Ablowich v. Bank, 95 Texas, 429, those decisions were overruled. It will be observed that in the Ablowich case the petition showed jurisdiction in the district court by the assertion of a valid mortgage on land, and it was only in the progress of the trial that there was a failure to enforce it. The debt there claimed was below the jurisdiction of the court, and if the petition had shown that the lien asserted did not exist a different question would have been presented.

*Affirmed.*